502 P.2d 1002

STATE of New Mexico ex rel. John Will PLANT and Frankie Martinez, Petitioners-Appellants,

v.

The Honorable Alexander F. SCERESSE, District Attorney for the Second Judicial District, State of New Mexico, and the Honorable Donald J. Wilson, Assistant District Attorney for the Second Judicial District, State of New Mexico, Respondents-Appellees.

No. 9423.

Supreme Court of New Mexico.

Nov. 3, 1972.

Coors, Singer & Broullire, Robert N. Singer, Albuquerque, for appellants.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for appellees.

## OPINION

JOE ANGEL, District Judge.

Petitioners and another were arrested for the murder on May 7, 1971 of Mary Franson in Bernalillo County. After arrest, a police detective after consultation with an Assistant District Attorney represented to the petitioners that, if they would give signed statements to the police department setting forth the nature and extent of their involvement, knowledge, and other activities in connection with the murder of Mary Franson, they would not be charged with the murder if they did not "actually kill" her. Relying on these representations, and with the understanding they would not be prosecuted for the murder of Mary Franson if they relinquished their rights to remain silent and gave statements to the police, the petitioners executed statements, placing themselves at the scene of the murder of Mary Franson. The statements could aid in supporting convictions of murder, under the accessory-to-felony murder rule.

Petitioners were then indicted for the murder of Mary Franson.

Upon motion to suppress in the murder proceedings, the District Court of Bernalillo County held that the statements given to the police by the petitioners could be used against them at their trial for the murder of Mary Franson. In the present proceeding, in another division of the District Court of Bernalillo County, the office of the District Attorney represented to the Court that it would not use the statements given by the petitioners against them in any trial or other judicial proceeding; nothing is noted in the trial Court's findings, however, about use of the fruits of these statements.

The murder trial having been set for the week of October 19, 1971, petitioners on September 29, 1971 petitioned the District Court for, and the Court issued an alternative writ of mandamus directed to the District Attorney and his chief trial attorney, commanding the dismissal of the murder proceedings pending against the petitioners or that the respondents show cause why the proceedings should not be dismissed. After a hearing, at which testimony was taken, the trial Court found the facts as stated above and concluded as a matter of law that a contract was entered into by the District Attorney's office through their agent, the Albuquerque Police detective, with both of the petitioners, "but the contract is unenforceable because the District Attorney's office does not have the power to grant immunity from prosecution to anyone." The Court entered judgment discharging the alternative writ of mandamus. Petitioners appeal, assigning as error the refusal of the trial Court to enter a peremptory writ.

■ District Attorneys in New Mexico, it is true, have no power to grant immunity from prosecution to any witness. Apodaca v. Viramontes, 53 N.M. 514, 212 P.2d

425 (1949); State v. Watson, 82 N.M. 769, 487 P.2d 197 (1971). The issue before us, however, is different. Here the District Attorney's office agreed not to prosecute petitioners for murder if they did "not actually kill" Mary Franson. The bargain produced evidence in the form of statements or, very probably, leads therefrom of the guilt of petitioners of felony less than murder for which they can be prosecuted under the agreement with the District Attorney's office. In consequence, petitioners now bear a heavy burden to avoid a guilty plea to, or conviction of such less-than-murder felony.

We hold the broad rule of Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) to be controlling. There the Court dealt with a guilty plea resting to a significant degree on a promise by the prosecutor, later breached, that no sentence recommendation would be made. Of "plea bargaining," the Court said:

"* * * when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

The case at hand is hardly distinguishable from *Santobello*, supra, involving as it does grave uncertainty as to whether, solely on the basis of the statements given by petitioners in reliance on the promise of the District Attorney's office, or the leads therefrom, they on the one hand can be convicted of less-than-murder felony or on the other hand of accessory-to-felony murder. In these unusual circumstances the only appropriate relief within the dictates of due process is to require the promise of the District Attorney's office to be fulfilled, if the petitioners did not "actually kill" Mary Franson.

In that connection, the trial Court found as a fact that the statements given by the petitioners and the other evidence obtained by the police in connection with the murder of Mary Franson indicate that neither of the petitioners knew of or participated in the murder of Mary Franson at the time of its occurrence, or "actually killed" Mary Franson. In the light of this finding, which is not challenged by the State, the indictment of petitioners for the murder of Mary Franson is inconsistent with the binding promise made to them by the Assistant District Attorney.

The trial court erred in its conclusion. The alternative writ of mandamus should be made permanent.

In view of this conclusion, it is not necessary to notice the other claim of error assigned by petitioners.

The judgment of the trial court is reversed, with instructions to enter a peremptory writ.

It is so ordered.

OMAN, J., and EDWIN L. FELTER, D. J., concur.