525 P.2d 382

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Steve CRUZ, Jr., Defendant-Appellant.**

**No. 1253.**

Court of Appeals of New Mexico.
July 31, 1974.

Fred Boone, Asst. Public Defender, Portales, for defendant-appellant.

David L. Norvell, Atty. Gen., Harvey B. Fruman, Asst. Atty. Gen., Santa Fe., for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendant was convicted of aggravated assault in violation of Section 40A–3–2, N.M.S.A.1953 (2d Repl. Vol. 6). Defendant appeals alleging one point of error: that the trial court gave instructions which were inconsistent, contradictory and erroneous.

We reverse.

During the early evening of January 12, 1973 the defendant and another individual drove into the Campus Drive-In and placed an order through an intercommunication system. The carhop, a fifteen year old boy, took the order out to defendant's car, placed the tray in the window and told the defendant how much the check was. The defendant, who had been drinking, took some change out of his pocket and seemed to have a hard time counting it. After a few seconds he put the change back in his pocket, pulled out a small pistol and pointed it at the carhop and asked him if he wanted it. The carhop testified that because of defendant's threatening manner he understood that defendant was asking him if he wanted to get shot. After a moment the defendant put the gun back in his pocket. He then took out some money and paid the carhop. Defendant and his companion ate what they had ordered, then drove to the drive-up window, placed an order for some chicken, paid for it and left.

The pertinent instructions are:

"2. This is a criminal case in which the State of New Mexico, by an information filed in this Court on the 22nd day of January, 1973, charges: That on or about January 13, 1973, Steve Cruz, Jr., unlawfully assaulted Rocky Meeks with a deadly weapon, to-wit: a gun, contrary to Section 40A–3–2, N.M.S.A.1953 Comp.

"5. The material allegations contained in the information which must be proved to your satisfaction and beyond a reasonable doubt by the evidence introduced in this case, are:

(a) That Steve Cruz, Jr. by any unlawful intentional act, threat, or menacing conduct caused Rocky Meeks to reasonably believe that he was in danger of receiving an immediate battery.

(b) That the act, threat or menacing conduct was done by assaulting or striking at Rocky Meeks with a deadly weapon.

(c) That this occurred in Roosevelt County, New Mexico, on the 13th day of January, 1973, or at some other time within three years immediately preceding the 22nd day of January, 1973, that

being the date that the Information was filed in this Court.

"11. Where used in the information in these instruction[sic], the following terms have the following respective meanings:

'Unlawful' means contrary to law and without legal excuse or justification.

'Deadly weapon' means any weapon which is capable of producing death or great bodily harm, and includes any firearm, whether loaded or unloaded.

"12. An intent to do physical harm or bodily injury is a necessary element of the offense of aggravated assault. If you find from all the evidence in this case that the defendant did not intend to physically harm or do bodily injury to Rocky Meeks, then you must find him not guilty.

However, a criminal assault may be committed by a wanton or reckless act, or by an act done not with an evil purpose, but for fun, or as a practical joke."

Section 40A–3–1, N.M.S.A.1953 (2d Repl. Vol. 6) provides in part:

"Assault consists of either: . . .

. . . . . . .

B. any unlawful act, threat or menancing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery;"

Section 40A–3–2, supra, provides in part:

"Aggravated assault consists of either:

A. unlawfully assaulting or striking at another with a deadly weapon;

. . . . . . .

Whoever commits aggravated assault is guilty of a fourth degree felony."

Defendant contends that specific intent is an essential element of the crime of aggravated assault and that the trial court erred in not instructing on this element. In support of this contention he cites State v. Woods, 82 N.M. 449, 483 P.2d 504 (Ct. App.1971) and State v. Anaya, 79 N.M. 43, 439 P.2d 561 (Ct.App.1968). Defendant is mistaken as to both contentions; neither of these cases holds that specific intent is an essential element of the crime of aggravated assault.

The trial court did instruct on specific intent. The first paragraph of instruction No. 12 was given at the request of the defendant. This is an incorrect statement of the law, "an intent to do physical harm or bodily injury" is not an element of Section 40A–3–2(A), supra. It is the use of a deadly weapon that raises an assault to an aggravated assault not an intent to injure. Since the defendant requested this part of instruction No. 12 this error is not available to him here.

However, a part of the second paragraph of instruction No. 12 which was given upon request of the state and over the objection of the defendant is also erroneous, to wit: " . . . a criminal assault may be committed . . . by an act done not with an evil purpose, but for fun, or as a practical joke." Such is not the law in New Mexico. General criminal intent is a necessary element of the crime of aggravated assault although the terms of the statute do not require it. See State v. Pedro, 83 N.M. 212, 490 P.2d 470 (1971). General criminal intent is more than an intentional act. It is a mental state of conscious wrongdoing. State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969). Consequently, something done "not with an evil purpose, but for fun, or as a practical joke" is not done with the requisite criminal intent necessary to constitute the crime of aggravated assault.

Deciding as we do about instruction No. 12 we do not need to consider the remaining question as to whether there was a proper instruction on general criminal intent.

The trial court is instructed to set aside the verdict, judgment and sentence and grant defendant a new trial.

It is so ordered.

SUTIN and LOPEZ, JJ., concur.