568 P.2d 1252

STATE of New Mexico,
Plaintiff-Appellee,

v.

Melquides C. DeBACA,
Defendant-Appellant.

No. 2954.

Court of Appeals of New Mexico.

Aug. 9, 1977.

Thomas A. Tabet, Marchiondo & Berry, P. A., Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Roderick A. Dorr, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted in magistrate court of driving while under the influence of liquor and careless driving, defendant appealed to the district court. The notice of appeal was filed in the district court on August 6, 1976. The district court trial was held on March 3, 1977. The district court found defendant guilty; he appealed to this Court. The dispositive issue concerns the time of the district court trial and involves three rules adopted by the Supreme Court.

The three rules are: (1) old Magistrate Criminal 40 (Rule 40 of the Rules of Criminal Procedure for the Magistrate Courts, effective October 1, 1974); (2) new Magistrate Criminal 41 (this was formerly old Magistrate Criminal 40 renumbered to Rule 41 upon adoption of amendments effective October 1, 1976); (3) Criminal Procedure 37 (Rule 37 of the Rules of Criminal Procedure for the District Courts).

Old Magistrate Crim. 40 reads:

"(h) *Disposition—Time Limitations.* Any appeal pending in the district court ninety days after the filing of the notice of appeal without disposition shall be: (1) reversed and an order shall be entered by the district court dismissing the complaint with prejudice, unless the defendant was responsible for the failure of the district court to complete the disposition of the proceeding; (2) affirmed, if, after a hearing, the district court finds that the defendant, without good cause, was responsible for the failure of the district court to complete the disposition of the case.

"(i) *Extension of Time.* The time limits specified in subsection (h) of this rule may be extended one time for a period not exceeding ninety days upon a showing of good cause to the district court. The party seeking an extension of time beyond the ninety-day appeal limit of subsection (h) of this rule shall, within said ninety-day period, file with the clerk of the district court a verified petition for extension concisely stating the facts petitioner deems to constitute good cause and forthwith serve a copy thereof on the opposing party. Hearings on such petitions will be held by the district court on at least five days' notice to the parties.

No other extension of time shall be allowed."

New Magistrate Crim. 41 reads:

"(i) *Disposition—Time Limitations.* The district court shall try the appeal within six months after the filing of the notice of appeal. Any appeal pending in the district court six months after the filing of the notice of appeal without disposition shall be dismissed and the cause remanded to the magistrate court for enforcement of its judgment.

"(j) *Extension of Time.* The time limits in paragraph (i) of this rule may be extended one time for a period not exceeding ninety days upon a showing of good cause to a justice of the Supreme Court. The party seeking an extension of time beyond the six months appeal limit of paragraph (i) of this rule shall, within said six month period, file with the clerk of the Supreme Court a verified petition for extension concisely stating the facts petitioner deems to constitute good cause and forthwith serve a copy thereof on the opposing party. No other extension of time shall be allowed."

Criminal Procedure 37 reads:

"(b) *Trial.* The trial shall be commenced within six months after the date of filing in the district court of the complaint, information, indictment, or notice of appeal from the magistrate court or the date of arrest, whichever is later. In the event of a new trial, mistrial or reversal of a conviction on appeal, a subsequent trial shall be commenced within six months after the date of the order granting the new trial, the declaration of the mistrial or the mandate of the appellate court.

"(c) *Extension of Time.* The time for commencement of trial as specified in the preceding paragraph may be extended only by the Supreme Court of New Mexico, a Justice thereof, or a Judge designated by the Supreme Court, for good cause shown. The party seeking an extension of time beyond the six-month period shall, within said six-month period, file with the clerk of the Supreme Court a verified petition for extension concisely stating the facts petitioner deems to constitute good cause and forthwith serve a copy thereof on opposing counsel. Hearings on such petitions will be held in Santa Fe, or such other place as may be designated by the Supreme Court, on five days notice to the parties.

"(d) *Effect of Noncompliance With Time Limits.* In event the trial of any person described in paragraph (b) of this rule does not commence within the time therein specified, or within the period of any extension granted as provided in this rule, the information or indictment filed against such person shall be dismissed with prejudice, unless the Supreme Court finds that the defendant is responsible for failure to comply with the time limits. If the Supreme Court finds that the defendant is responsible for the failure to comply with the time limits, the defendant not in custody may have his release revoked unless there is good cause shown for the failure to comply."

*Which of the Two Magistrate Rules is Applicable?*

The difference between old Magistrate Crim. 40(h) and new Magistrate Crim. 41(i) is substantial. Where time requirements for hearing the appeal in the district court are not met, instead of dismissal of the *complaint* with prejudice as provided under the old rule, the *appeal* is dismissed and the magistrate court *judgment is enforced* under the new rule.

▆ The appeal in this case was pending at the time the amendments of October 1, 1976 became effective. N.M.Const., Art. IV, § 34 provides that no act of the Legislature shall change the rules of procedure in any pending case. This constitutional provision applies to court rules as well as legislation. *Marquez v. Wylie,* 78 N.M. 544, 434 P.2d 69 (1967).

Old Magistrate Crim. 40 is the magistrate court rule applicable to this case; new Magistrate Crim. 41 is not applicable.

*Dismissal Under the Applicable Magistrate Rule*

■ Old Magistrate Crim. 40 provides for dismissal of the complaint with prejudice if the appeal is pending in the district court ninety days after the filing of the notice of appeal. The ninety-day period expired on November 4, 1976. Because the appeal was pending on that day, defendant was entitled to a dismissal after November 4, 1976 unless (1) the avoidance provisions in the magistrate rule applied, or (2) the magistrate rule was not to be applied because of Criminal Procedure Rule 37.

One avoidance provision, appearing in old Magistrate Crim. 40(h), is that dismissal is not required if "the defendant was responsible for the failure of the district court to complete the disposition of the proceeding".

There is nothing in the appellate record showing defendant was responsible for a failure to complete the appeal *within* ninety days. An order of the district court, filed November 8, 1976, states that the case came on for trial, that the State appeared and was ready for trial, and that neither defendant nor his attorney appeared because defendant was in the hospital. The order continues the cause and declares "that Rule 37 [Crim. Procedure 37] be and hereby is tolled during the period of this continuance." Neither the order filed November 8, 1976 nor anything else in the record shows that the case came on for trial within the ninety-day period or that defendant's hospitalization caused a delay within the ninety-day period. Delay by defendant does not provide a basis for avoiding the ninety-day requirement.

■ A second avoidance provision, appearing in old Magistrate Crim. 40(i), authorizes a "one time" extension of the time limits appearing in old Magistrate Crim. 40(h). We do not consider whether the district court order of November 8, 1976 should be considered as an attempted extension because, even if so intended, it was not effective to extend the time limit. The extension authorized by old Magistrate Crim. 40(i) must have been sought within the original ninety-day period. This was not done. The extension provision does not provide a basis for avoiding the ninety-day requirement.

■ The showing in this appeal is that defendant was entitled to a dismissal when he moved to dismiss at the beginning of the trial on March 3, 1977. Although defendant moved to dismiss, he did not rely on old Magistrate Crim. 40; he claimed he was entitled to dismissal under Criminal Procedure 37. Under the liberal approach to raising issues adopted in *Albertson v. State*, 89 N.M. 499, 554 P.2d 661 (1976) we hold the motion to dismiss sufficiently raised the issue of dismissal under old Magistrate Crim. 40.

The question then is whether old Magistrate Crim. 40 was not to be applied because of Criminal Procedure 37.

*Applicability of Criminal Procedure 37*

Generally speaking, Criminal Procedure 37(b) provides for the commencement of trials within six months from the filing in the district court of the notice of appeal from the magistrate court.

Again, generally speaking, Criminal Procedure 37(d) provides for dismissal with prejudice if the trial is not commenced within the six-month period "unless the Supreme Court finds that the defendant is responsible for failure to comply with the time limits.

There are two items involving delay by the defendant. Both items occurred after the ninety-day provision of old Magistrate Crim. 40 had elapsed; both, however, occurred within six months of the date the notice of appeal was filed in the district court. One item is a motion for continuance filed on December 14, 1976 in which defendant expressed a willingness to execute "any necessary waiver regarding any delay caused hereby." We do not consider this motion further because it does not appear that the district court ever ruled on the motion. The second item is the order of November 8, 1976 which continued the case because of defendant's hospitalization and stated that Criminal Procedure 37 was "tolled" during the period of continuance.

We do not consider the tolling provision further; Criminal Procedure 37 does not authorize the district court to toll the time requirement stated therein and no claim is made that the district court had tolling authority.

The delay due to defendant's hospitalization does require consideration. The fact of hospitalization could support a finding that defendant was responsible for failure to comply with the time requirements. Criminal Procedure 37(d) provides such a finding is to be made by the Supreme Court.

■ Does "Supreme Court" in Criminal Procedure 37(d) include the Court of Appeals? No. The history of the six-month time requirement appearing in former Civil Procedure Rule 95, in the wording of Criminal Procedure 37 as originally adopted in 1972, and the present wording of Criminal Procedure 37 after being amended in 1976 indicates that control of time requirements was intended to be exclusively in the Supreme Court. Extensions of time can be granted only by the Supreme Court, a justice thereof or a judge designated by the Supreme Court. In the light of these extension provisions, "Supreme Court" in Criminal Procedure 37(d) is not to be construed to include the Court of Appeals.

■ Since only the Supreme Court can make the finding that defendant was responsible for the delay and since the order of November 8, 1976 raises that issue as a matter of fact, this Court lacks subject matter jurisdiction to decide the factual question. Should this case be transferred to the Supreme Court under § 16–7–10, N.M.S.A. 1953 (Repl.Vol. 4)? Such a transfer appears to be required if Criminal Procedure 37 applies to appeals from the magistrate court to the district court.

Is Criminal Procedure 37 applicable?

The six-month provision for commencing a prosecution first appeared in Civil Procedure Rule 95 which was effective July 1, 1971. This rule did not refer to appeals from magistrate courts; it was limited to "persons charged . . . in the district courts". The Supreme Court order adopt-

ing Rules of Criminal Procedure repealed Rule 95 by the language "any rules of civil procedure governing criminal proceedings are hereby repealed". See Compiler's Notes to § 41–23–1, N.M.S.A. 1953 (2d Repl. Vol. 6, Supp.1975).

The Rules of Criminal Procedure were effective July 1, 1972. Compiler's Notes to § 41–23–1, supra. As originally worded, Criminal Procedure 37 did not apply to appeals from the magistrate court. The original wording of Criminal Procedure 37(b) applied the six-month time requirement to the "trial of all cases *not* within magistrate court trial jurisdiction . . . ." (Our emphasis.) Section 41–23–37, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp.1975). Consistent with this original wording, Criminal Procedure 37(d) provided for the dismissal of informations and indictments for violation of the six-month requirement. This original wording of Criminal Procedure 37 remained until the amendment of Criminal Procedure 37(b), effective April 1, 1976.

Magistrate Court Rules, effective January 1, 1969, contain no time limits in connection with an appeal to the district court from the magistrate's judgment. Sections 36–21–1 through 36–21–75, N.M.S.A. 1953 (2d Repl.Vol. 6).

The 1969 Magistrate Court Rules were replaced, effective October 1, 1974, with two sets of Magistrate Court Rules—criminal and civil. The criminal rules for magistrate courts included the Rule 40 referred to in this opinion as old Magistrate Crim. 40. This rule was the first which imposed a time requirement on appeals from the magistrate court.

Old Magistrate Crim. 40(h) and (i) imposed specific time limit provisions; these were discussed earlier in this opinion. Old Magistrate Crim. 40(g), however, states:

"The Rules of Criminal Procedure for the District Courts shall apply to and govern the procedure in the district courts on appeal from the magistrate court."

Did this provision incorporate the six-month provision of Criminal Procedure 37 into appeals from the magistrate court? As of

October 1, 1974, Criminal Procedure 37(b) applied only to the trial of cases not within magistrate court trial jurisdiction. Although old Magistrate Crim. 40(g) incorporated the Rules of Criminal Procedure, the six-month provision was not incorporated because Criminal Procedure 37(b) did not apply to appeals from the magistrate court.

Until April 1, 1976, the only time limitation on appeals from the magistrate court was old Magistrate Crim. 40(h) and (i). On that date an amendment to Criminal Procedure 37(b) became effective. As amended, the rule states:

"The trial shall be commenced within six months after the date of filing in the district court of the complaint, information, indictment, or notice of appeal from the magistrate court or the date of arrest, whichever is later."

The use of the words "complaint" and "notice of appeal from the magistrate court" are indications of an intent to apply the six-month provision to magistrate court appeals. Such an indication raises questions as to the interrelationship between Criminal Procedure 37 and old Magistrate Crim. 40(h) and (i).

(a) The maximum time, including the one authorized extension, for the appeal under the magistrate rule was 180 days; under Criminal Procedure 37 the time is six months plus extensions granted by the Supreme Court.

(b) The magistrate rule permitted one extension by the district court; "[n]o other extension of time shall be allowed." Old Magistrate Crim. 40(i). Criminal Procedure 37 permits extensions only by the Supreme Court, or its designee; no limit is placed on the number of extensions.

(c) The ninety-day dismissal provision of the magistrate court rule was not to be applied if the district court found defendant was responsible for the delay. Criminal Procedure 37 permits such a finding only by the Supreme Court.

(d) The magistrate court rule expressly provided for dismissal if the time requirements of the magistrate rule were not met.

Criminal Procedure 37(d) was *not* amended to provide for dismissal of appeals from magistrate court; Criminal Procedure 37(d) provided only for the dismissal of indictments and informations.

In adopting the amendment to Criminal Procedure 37(b), did the Supreme Court intend to abolish the time requirements of the magistrate rule? If so, wouldn't the magistrate rule have been amended?

Did the Supreme Court intend that Criminal Procedure 37 apply to magistrate appeals only subsequent to the expiration of the magistrate rule time requirements? If so, there would be little effect on appeals from magistrate court because the magistrate rule provides for dismissals prior to the time Criminal Procedure 37 would apply.

If the time requirements of Criminal Procedure 37(b) were intended to apply to magistrate appeals, wouldn't Criminal Procedure 37(d) have been amended at the time of the amendment to Criminal Procedure 37(b)?

We draw alternate conclusions from the foregoing. (1) The inclusion of "complaint" and "notice of appeal from the magistrate court" in Criminal Procedure 37(b) was inadvertent and the Supreme Court did not intend that Criminal Procedure 37 was to apply to appeals from the magistrate court. (2) If Criminal Procedure 37 was intended to apply, the intent was not carried out because of the failure to amend Criminal Procedure 37(d).

■ These conclusions are bolstered by the amendments to old Magistrate Crim. 40 effective October 1, 1976. These amendments appear as new Magistrate Crim. 41 (see the second paragraph of this opinion). New Magistrate Crim. 41 is more consistent with Criminal Procedure 37 than was old Magistrate Crim. 40, with a major exception. That exception, previously noted in this opinion, is that noncompliance with the time limits of new Magistrate Crim. 41 results in dismissal of the appeal and enforcement of the magistrate court judgment. Under old Magistrate Crim. 40, and under

Criminal Procedure 37, if applicable, there would be a dismissal of the complaint for noncompliance with the time limits. Thus, if Criminal Procedure 37 applies to appeals from the magistrate court, there is a conflict between Criminal Procedure 37 and new Magistrate Crim. 41. There is no conflict if Criminal Procedure 37 is not applicable to appeals from magistrate court. The new provisions appearing in new Magistrate Crim. 41, adopted subsequent to the amendment of Criminal Procedure 37(b), and the continued failure to amend Criminal Procedure 37(d) support our conclusions that Criminal Procedure 37 does not apply to appeals from the magistrate court.

■ Criminal Procedure 37 not being applicable, the time limits of old Magistrate Crim. 40 control and defendant is entitled to a dismissal.

The judgment and sentence of the district court is reversed. The cause is remanded with instructions to dismiss the criminal complaint on which the magistrate court and district court judgments are based and to discharge the defendant.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.