574 P.2d 600

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Michael SESSION, Defendant-Appellee.**

**No. 3158.**

Court of Appeals of New Mexico.

Jan. 3, 1978.

Rehearing Denied Jan. 16, 1978.

**382**

Toney Anaya, Atty. Gen., Roderick A. Dorr, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

William D. Teel, Acting Chief Public Defender, Santa Fe, Alice G. Hector, District Public Defender, Mark Shapiro, Asst. Appellate Defender, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was charged with receiving stolen property valued over $100.00 but less than $2,500.00. Section 40A–16–11, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1975). The charge was a felony offense. Paragraph E of § 40A–16–11, supra. Defendant moved to dismiss the charge or, in the alternative, to reduce the charge to a misdemeanor. This motion was based on an alleged promise by a police detective. After an evidentiary hearing, the trial court denied the motion to dismiss, granted the motion to reduce the charge and "directed" the district attorney "to reduce these charges to a lesser included offense constituting a misdemeanor." The State appeals. We discuss: (1) authority of the district court, (2) the agreement, (3) enforceability of the agreement, and (4) performance of the agreement.

*Authority of the District Court*

■ The district attorney is the law officer of the district. N.M.Const., art. VI, § 24. The district attorney is to prosecute criminal cases on behalf of the State. Section 17–1–11, N.M.S.A.1953 (Repl. Vol. 4). "The prosecutor makes the determination whether to file criminal charges and which charges to file." *State v. Murphy,* 113 Ariz. 416, 555 P.2d 1110 (1976). Compare *State v. Sweat,* 78 N.M. 512, 433 P.2d 229 (1967); *State v. Raburn,* 76 N.M. 681, 417 P.2d 813 (1966). The district court lacked authority to "direct" the district attorney to file a misdemeanor charge against defendant. That portion of the order, being in excess of the district court's authority, had no legal effect.

■ However, the district court also granted the motion to reduce the charge in accordance with the detective's promise. The district court had authority to see that the promise was carried out. *State ex rel. Plant v. Sceresse,* 84 N.M. 312, 502 P.2d 1002 (1972); see *State v. Lord,* (Ct. App.) 91 N.M. 353, 573 P.2d 1208, No. 3188, decided December 13, 1977. The remaining issues involve the promise and the correctness of the trial court's ruling in connection with the promise.

*The Agreement*

The trial court found:

1. That there was, in fact, an agreement between the Albuquerque Police Department and Michael Session with regard to the following:

That he would cooperate fully in giving a statement to the Police Department with regard to several other individuals and the agreement further was that he

would testify against these other individuals in their trials before this Court and this Court specifically finds that such an agreement was, in fact made between these parties.

2. That certain promises were held out by the Police Department to Mr. Session and Mr. Session had a basic right in the criminal law of this State to rely on those representations and promises.

Three witnesses testified at the evidentiary hearing. Defendant and the detective are in agreement that the detective asked defendant if he would be willing to testify against certain third parties. Defendant was agreeable but stated that he would have to get something out of it. Defendant and the detective agree that there was a discussion of reduced charges against defendant. Their testimony differs at this point. Defendant testified the detective stated that he would get the charges dropped to a misdemeanor if defendant testified in court against the third parties. The detective testified that he could not promise anything, that it was up to the district attorney, that the district attorney might agree to a lesser charge. There is no evidence that the district attorney ever agreed to a lesser charge.

In light of the specific testimony of defendant and the detective—that their discussion went to a reduced charge in exchange for defendant's courtroom testimony—the testimony of the third witness, a polygraph examiner, adds nothing. The examiner testified that defendant truthfully answered "Yes" to the "relevant" question: "Did Detective Troup promise you a misdemeanor charge if you cooperated with him?" The use of "cooperation" in the so-called relevant question was so ambiguous that it could only be answered by rationalization. See *State v. Brionez* (Ct.App.) 573 P.2d 224 (1977). Such a question was invalid and thus was of no value in determining whether there was an agreement between defendant and the detective.

Both the defendant and the detective testified that defendant gave a statement as to items defendant sold to the third parties

*before* there was any discussion about a deal. There is no evidence of an agreement that defendant would "cooperate fully in giving a statement to the Police Department with regard to several other individuals". This portion of the finding, being without evidentiary support, does not support the trial court's ruling.

Defendant's testimony supports the finding of a limited agreement. The agreement was that defendant would testify in court against certain third parties and, in exchange, the charges against defendant would be reduced to a misdemeanor.

*Enforceability of the Agreement*

The evidence is uncontradicted that the detective had no authority to make the agreement. How does the lack of authority affect the agreement that was made? *State v. Foster,* 25 N.M. 361, 183 P. 397, 7 A.L.R. 417 (1919) excluded a confession to larceny of cattle because of promises made to the defendant by the owner of the cattle and a cattle inspector. The opinion states:

> But the question must not be whether the persons making the promises were persons in authority—that is, capable of performing their assurances of immunity, but were they in such a situation that the person confessing might reasonably consider them as persons able to afford him aid?

See *State v. Benavidez,* 87 N.M. 223, 531 P.2d 957 (Ct.App.1975).

Trial court finding No. 2, quoted above was, in effect, a finding that the *Foster* test was met. Defendant's testimony supports the finding.

 Giving effect to the agreement in these circumstances is "the only appropriate relief within the dictates of due process". *State ex rel. Plant v. Sceresse,* supra; see the discussion in *State v. Lord,* supra.

*Performance of the Agreement*

Although the agreement is to be enforced, what is there to be enforced in this case? The agreement was that the charges against defendant were to be reduced to a misdemeanor once defendant testified in

court against certain third parties. The only evidence in this record concerning the charges against the third parties came from the detective. He testified that he "understood" that the charges against the third parties had been dismissed. We do not know whether the charges will be refiled.

At such time as defendant testifies in court against the third parties, the State could be required to carry out the detective's promise and reduce the felony charge against defendant to a misdemeanor. If the third parties are not brought to trial, defendant will have suffered no detriment from an agreement that went only to future performance by the parties to the agreement.

Since there is no present factual basis for performance of the agreement, the trial court erred in carrying out an agreement yet to be performed and which may never be performed.

That portion of the trial court's order denying the motion to dismiss is affirmed. That portion of the trial court's order directing the district attorney to reduce the charge to a misdemeanor is reversed. That portion of the trial court's order which reduced the felony charge to a misdemeanor is reversed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.