584 P.2d 202

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Rose RIVERA and Gloria Chavez, Defendants-Appellees.**

**No. 3619.**

Court of Appeals of New Mexico.

Aug. 29, 1978.

Toney Anaya, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Donaldo A. Martinez, Las Vegas, for defendants-appellees.

**156**

## OPINION

HENDLEY, Judge.

We are called upon to interpret Rules of Criminal Procedure for the Magistrate Courts adopted October, 1974 as amended October 1, 1976. Section 36–23–1 through § 41, 1976–77 Interim Supp.

This cause was placed on the Legal Calendar. N.M.Crim.App. Rule 207(c). Thus, the facts set forth in the docketing statement are accepted as true unless challenged. The facts are not challenged. *State v. Pohl*, 89 N.M. 523, 554 P.2d 984 (Ct.App.1976).

The district court clerk's record and the docketing statement reflect the following. Defendants were found guilty of assault and battery, and criminal damage to property in Magistrate Court on September 20, 1977. No record of the hearing was requested or made of these proceedings. Theresa Trujillo's, a co-defendant, case was continued. On October 4, 1977 defendants filed a notice of appeal in the district court. On October 11, 1977 the magistrate's final order of September 20, 1977, which placed the defendants "on a deferred sentence for 6 months" was filed in the district court together with the criminal complaint.

Subsequently, on November 28, 1977, a second amended final order was filed in the district court. At the bottom of the second amended final order was the following language:

"1. ROSE RIVERA & GLORIA CHAVEZ are placed on a deferred sentence for 6 months.

"2. THERESA TRUJILLO case is pending.

"3. The first AMENDED FINAL ORDER was hand carried to Napoleon Martinez County Clerk for filing. The document was never filed therefore I am issueing [sic] AMENDMENT # 2. The court has requested an investigation as to the disappearance [sic] of the document and why it was not filed."

The clerk's record shows that Napoleon Martinez is both the county clerk and the deputy district court clerk of Guadalupe County, New Mexico.

On March 20, 1978 defendants filed a motion to hear the appeal at the court's earliest convenience. No hearing was ever obtained. On April 10, 1978 defendants filed a motion to dismiss the charges because the magistrate did not file a proper transcript of the proceedings as required by Magistrate Rule 41(e).

The state, on April 19, 1978, filed a motion to dismiss and remanded the appeal to Magistrate Court for enforcement of the judgment pursuant to Magistrate Rule 41(i). Six months from the date of the notice of appeal, October 4, 1977, would be April 4, 1978.

On May 18, 1978 the district court ordered that the cause be "dismissed with prejudice", and by a letter of the same date to the assistant district attorney stated:

"With reference to the above-captioned case, I hereby grant the State's Motion to Dismiss the Appeal, and also, I hereby grant Defendants' Motion to Dismiss the case.

"Because of the peculiar status of this case, I find that I am able to grant both Motions, the State's Motion being granted on the basis of Rule 41(J) of the Rules of the Magistrate Court Concerning Criminal Procedure, and Defendant's Motion to Dismiss by virtue of the confused and improper condition of the pleadings, especially the transcript, which terminates the action ex proprio vigore."

The state appeals. The question is what relief is proper under the state of the record. The state contends that Magistrate Rule 41(i) applies and therefore the cause should have been remanded for enforcement of the judgment. The defendant contends that Magistrate Rule 41(d), (e) and (i) apply and the district court could properly "dismiss the case (1) for failure of the magistrate to file a proper transcript, (2) because the cause was moot, [the 6 month period of probation had expired] and (3) because the 6 month period [Rule 41(i)] had lapsed."

Magistrate Rule 41(d), (e) and (i) reads as follows:

"(d) DOCKETING THE APPEAL. The clerk of the district court shall collect the docket fee or an appropriate affidavit of indigency for filing an appeal. The magistrate court shall transmit to the district court the order fixing conditions of release and bond, if any, and a transcript of all the proceedings taken in the action to the clerk of the district court within ten days after the filing of the notice of appeal. Upon the filing of the notice of appeal, the magistrate court shall give notice of the appeal to each party in the action or to the attorney for any party who is represented by an attorney.

"(e) TRANSCRIPT. The transcript shall include: (1) title page containing caption of the case in the magistrate court and names and mailing addresses of counsel; (2) all pleadings including any record of proceedings made by the magistrate court; (3) any exhibits; (4) the judgment sought to be reviewed with date of filing noted thereon; and (5) the record of the hearing in the magistrate court, if any.

" . . .

"(i) DISPOSITION—TIME LIMITATIONS. The district court shall try the appeal within six months after the filing of the notice of appeal. Any appeal pending in the district court six months after the filing of the notice of appeal without disposition shall be dismissed and the cause remanded to the magistrate court for enforcement of its judgment."

Defendants' claim concerning an insufficient transcript elevates form over substance. We, of course, note that there was not a title page. We fail to see how the absence of a title page could prejudice the defendants. Defendants do not point to any item omitted which would prejudice them. Neither do defendants claim a lack of notice of the filing of the criminal complaint and the final order in the district court.

■ Even though Magistrate Rule 41(d) states that the magistrate court shall transmit a transcript of all proceedings to the district court, this does not relieve defendants who are initiating the appeal of their responsibility to see that a proper transcript is forwarded. *State v. Duran*, 91 N.M. 756, 581 P.2d 19 (1978). They cannot lay in wait until a time limitation has expired and then take advantage of a situation they helped create. See *State v. Garcia*, 80 N.M. 466, 457 P.2d 985 (1969); *State v. Cruz*, 86 N.M. 455, 525 P.2d 382 (Ct.App.1974); *State v. Harrison*, 81 N.M. 324, 466 P.2d 890 (Ct. App.1970).

■ Defendants next assert that Rule 37 of the Rules of Crim.Procedure for district court applies with regard to the 6 month rule. See §§ 41–23–1 through 57, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972, Supp.1975). This assertion is totally without merit. See *State v. DeBaca*, 90 N.M. 806, 568 P.2d 1252 (Ct.App.1977).

Defendants' assertion that Rule 31(b) is applicable is totally without merit. The rule referred to by defendants was repealed October 1, 1976. The same is true with regard to § 36–6–9, N.M.S.A.1953 (2d Repl. Vol. 6, 1972). That section was repealed by the Laws of 1975, ch. 242, § 12.

Defendants' claim of mootness is likewise without merit. Magistrate Rule 41(c) provides for an automatic stay when an appeal is filed.

The district court had no authority to dismiss the appeal, with prejudice, under the facts of this case. Absent a hearing on the appeal within 6 months of the date of the notice of appeal, its only authority was to dismiss the appeal and remand the cause to the magistrate court for enforcement of its judgment. Cf. *State v. DeBaca*, supra.

The order of the district court is reversed. The cause is remanded. The district court is directed to set aside its order of May 18, 1978 and enter an order dismissing the appeal and remand to the magistrate court for enforcement of its judgment.

IT IS SO ORDERED.

WOOD, C. J., and LOPEZ, J., concur.