643 P.2d 297

**VILLAGE OF RUIDOSO,
Plaintiff-Appellee,**

v.

**Ralph RUSH, Defendant-Appellant.**

**No. 5618.**

Court of Appeals of New Mexico.

March 23, 1982.

Gary C. Mitchell, Payne, Mitchell & Quigley, P. A., Ruidoso, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant appeals the dismissal of his appeal from municipal court to district court. The district court relied on Municipal Ct. Rule 39(j) and (k), N.M.S.A.1978, in dismissing the appeal. Those subsections state that absent a hearing within six months or a Supreme Court order extending the time limit, the appeal shall be dismissed and the cause remanded to the municipal court for enforcement of its judgment. In this case, however, the prosecutor agreed not to assert the six-month time limitation and did not assert it. The district court dismissed the appeal on its own motion.

We calendared defendant's appeal to this Court for summary reversal. We did this because, in dealing with a similarly framed district court rule, we have held that a trial commenced beyond the time limit was not a jurisdictional bar. Rather, the beneficiary of the rule had to raise the issue in order to reap the benefits of the rule. *State v. Vigil,* 85 N.M. 328, 512 P.2d 88 (Ct.App.1973). The prosecutor did not seek dismissal under the six-month rule. In addition, we deemed it unfair in the due process sense for the district court to have negated the prosecutor's agreement. Defendant seeks the district court trial; defendant relied on the prosecutor's agreement not to assert the six-month rule. See *State ex rel. Plant v. Sceresse,* 84 N.M. 312, 502 P.2d 1002 (1972); *State v. Session,* 91 N.M. 381, 574 P.2d 600 (Ct.App.1978).

The State has responded with a timely memorandum, asking us to consider the district court's position in dismissing defendant's appeal to that court. The district court's position was based on *State v. Rivera,* 92 N.M. 155, 584 P.2d 202 (Ct.App. 1978), which contains the following language:

Absent a hearing on the appeal within 6 months of the date of the notice of appeal, its [the district court's] only authority was to dismiss the appeal and remand the cause to the magistrate court for enforcement of its judgment.

While this language does support the district court's position, the district court failed to consider the factual distinctions between this case and the *Rivera* case.

In *Rivera,* the trial court nullified defendant's lower court conviction. This type of

734

disposition was completely unauthorized for the grounds upon which defendant sought it, that a proper transcript had not been filed. The rationale of *Rivera* was that defendant could not profit by his own inaction. "They cannot lay [sic] in wait until a time limitation has expired and then take advantage of a situation they helped create." In this case, defendant is not seeking to profit from delay; all defendant is requesting is his district court trial. The prosecutor, by his agreement, contributed to defendant's appeal not having been heard. Under the *Rivera* rationale, the State cannot obtain advantage of the situation the prosecutor helped create. That advantage would be in enforcing the municipal court judgment against defendant because of the failure to try the case in district court within six months, when that failure was due to the prosecutor's agreement for delay.

The dismissal of defendant's appeal is reversed. The district court is instructed to reinstate the appeal on its docket.

IT IS SO ORDERED.

WALTERS, C. J., concurs.

DONNELLY, J., dissenting.

DONNELLY, Judge (dissenting).

I respectfully dissent.

The trial court dismissed defendant's appeal from a judgment of the municipal court, acting under the authority of Municipal Court Rule 39(j). The rule provides:

> The district court shall try the appeal within six months after the filing of the notice of appeal. Any appeal pending in the district court six months after the filing of the notice of appeal without disposition shall be dismissed and the cause remanded to the municipal court for enforcement of its judgment.

Municipal Rule 39(k), designates the procedure for obtaining extensions of time for hearing municipal appeals and specifies that a party seeking an extension beyond the six month appeal limit must within such time seek an extension upon a proper showing of good cause. Such rule recites in

pertinent part: "No other extension of time shall be allowed." *See State v. Rivera*, 92 N.M. 155, 584 P.2d 202 (Ct.App.1978).

Since under the doctrine of separation of powers, the matter of expediting the flow of criminal cases through the courts is peculiarly a judicial function, extra-judicial stipulations not in conformity with the express provisions for obtaining extensions of the time requirements prescribed by the rule are not binding on the district court. *See State ex rel. Delgado v. Stanley*, 83 N.M. 626, 495 P.2d 1073 (1972).

I would affirm the order of the trial court.