765 P.2d 1172

**Grace QUINONES, Petitioner,**

v.

**SANTA FE COUNTY, New Mexico, Employer, and Rockwood Insurance Company, Insurer, Respondents.**

**No. 18028.**

Supreme Court of New Mexico.

Dec. 21, 1988.

Margaret Kegel, Kegel Law Firm, P.C., Espanola, for petitioner.

Roger V. Eaton, Eaton Law Firm, Albuquerque, for respondents.

## OPINION

WALTERS, Justice.

We issued a writ of certiorari to the court of appeals to review the only question presented by the petitioner, *i.e.*, whether NMSA 1978, Section 52–1–35(B) (Cum. Supp.1983)[1] allows a petitioner in a worker's compensation action to recover expert witness fees for the testimony of expert witnesses who testified but who were not subpoenaed to appear at trial. The district court's award of those fees as costs was reversed by a majority of the court of appeals on grounds that a subpoena or court order to testify is a condition precedent to the recovery of such costs. Judge Fruman dissented on that issue, concluding that Section 52–1–35(B) did not require expert witnesses to be subpoenaed before the trial court could award to the petitioner the costs for their attendance. We think that Judge Fruman's interpretation of the statute is correct and, accordingly, we reverse the court of appeals and affirm the trial court's award.

Section 52–1–35(B), which applies because this action was filed before its repeal in 1986, reads:

> No cost shall be charged, taxed or collected by the clerk except fees for witnesses who testify under subpoena. These witnesses shall be allowed the same fee for attendance and mileage as is fixed by law in other civil actions. Notwithstanding the provisions concerning expert witness fees as provided in Section 38–6–4 NMSA 1978, the court may order the payment of reasonable fees for any expert witness whose examination of the claimant, report or trial attendance is determined by the court to be reasonably necessary in the trial of the case.

This version is an amended form of the 1978 statute, which was interpreted to allow an award for costs of expert witnesses only if the witnesses were subpoenaed. *See Sedillo v. Levi-Strauss Corp.*, 98 N.M. 52, 56, 644 P.2d 1041, 1045 (Ct.App.), *cert. denied*, 98 N.M. 336, 648 P.2d 794 (1982); *Lujan v. Circle K Corp.*, 94 N.M. 719, 723, 616 P.2d 432, 436 (Ct.App.1980); *see also Smith v. City of Albuquerque*, 105 N.M. 125, 128, 729 P.2d 1379, 1382 (Ct.App.1986) (citing Section 52–1–35(B) as allowing an award of costs only when witness is subpoenaed, and denying plaintiff's own travel costs for appearing as a witness in her own case).

In *Bower v. Western Fleet Maintenance*, 104 N.M. 731, 726 P.2d 885 (Ct.App. 1986), the court of appeals noted that the statute had been amended following the decisions in *Sedillo* and *Lujan*, and that the "language of amended Section 52–1–35(B) appears to have liberalized the standard by which a court may award certain costs." *Id.* at 738–39, 726 P.2d at 892–93. The court in *Bower* declared that pursuant to the amended version of Section 52–1–35(B), the standard of review on appeal was whether the trial court had acted arbitrarily or capriciously in granting or denying the award. *Id.*

A plain and fair reading of the amended Section 52–1–35(B) directs us to the conclusion reached by Judge Fruman that the first two sentences of the statute, which set forth the requirement for a subpoena before costs may be awarded, pertain only to nonexpert witnesses. The last clause of

[1]. Although NMSA 1978, Section 52–5–7(F) (Repl.Pamp.1987) contains language similar to Section 52–1–35(B), now repealed, we do not purport to extend our analysis herein or our holding today to Section 52–5–7(F).

the last sentence, however, clearly affords the trial court the discretion to award costs for expert witnesses even if the experts have not testified or have not been consulted under subpoena or court order, if their testimony was reasonably necessary. *See Bower*, 104 N.M. at 739, 726 P.2d at 893. There has been no challenge made that the trial court, which found the costs to be reasonably necessary, acted arbitrarily or capriciously.

Accordingly, we reverse the court of appeals and order that the trial court's award of costs be reinstated.

SCARBOROUGH, C.J., RANSOM, J., and SOSA, Senior Justice, concur.

STOWERS, J., dissenting.

STOWERS, Justice (dissenting).

I respectfully dissent from the majority opinion and adopt the Court of Appeals' majority opinion, which I request be printed in full as my dissent.

### APPENDIX

### No. 10543.

### Court of Appeals of New Mexico

### Oct. 6, 1988.

### MEMORANDUM OPINION

BIVINS, Judge.

Defendants, employer and its insurer, appeal in this worker's compensation case, claiming the trial court erred (1) in awarding excessive attorney fees, and (2) in taxing as costs expert witness fees when those witnesses testified neither under subpoena nor court order. We affirm on the first issue, but reverse on the second issue.

### 1. *Attorney Fees*

Defendants claim abuse of discretion in several respects. Plaintiff counters that review is foreclosed because defendant's summary of facts is not accompanied by references to the transcript of proceedings required by SCRA 1986, 12–213(A)(2). Because this case was assigned to the legal calendar, a transcript of proceedings is not required. SCRA 1986, 12–210(D)(1). Un-less challenged, we accept the facts as set forth in the docketing statement as true. *State v. Rivera*, 92 N.M. 155, 584 P.2d 202 (Ct.App.1978). Plaintiff does not challenge the facts; therefore, we review this issue.

The award of attorney fees in worker's compensation proceedings is a matter within the discretion of the trial court. *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270 (1978). From a review of the findings, it appears the trial court considered most of the *Fryar* factors (*Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979)), and that the fee awarded fell within the allowable percentage suggested in *Woodson v. Phillips Petroleum Co.*, 102 N.M. 333, 695 P.2d 483 (1985). Thus, the question is whether the trial court abused its discretion in awarding plaintiff attorney fees of $10,106.50, plus tax, in this case.

Defendants argue the fee is excessive, given the limited discovery, the fact they stipulated to a number of issues and those remaining were simple, and that the trial itself was brief. Defendants specifically challenge the number of hours submitted by plaintiff's attorney, claiming they are excessive in light of the nature of the case and when compared to defense counsel's time, which included trips from Albuquerque to Santa Fe that plaintiff's attorney, whose office is in Santa Fe, did not have to make.

In determining an award of attorney fees for abuse of discretion, the reviewing court should view, as it does in substantial evidence questions, the evidence in a light most favorable to support the trial court's determination. *See Sanchez v. Homestake Mining Co.*, 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). When so viewed, we then ask whether the trial court's decision is so clearly against the logic and effect of the facts and circumstances that it cannot stand. *See State v. Hargrove*, 81 N.M. 145, 464 P.2d 564 (Ct.App.1970) (defining exercise of judicial discretion). Here we are unable to say it is.

The primary issue before the court was the nature and extent of plaintiff's disability, i.e., whether she suffered a scheduled

injury to her ankle or total disability. Plaintiff was successful in obtaining total disability. The trial court found the issues "closely contested" and of "sufficient complexity" to justify payment for all of plaintiff's attorney's hours. It used an hourly rate of $85, which does not appear excessive for an experienced attorney. In any event, defendants' argument to the contrary notwithstanding, we do not understand that the trial court based the fee award solely on the number of hours expended by plaintiff's attorney. It considered the results achieved. The fee represents 16% of the value of the award.

We are unable to say the trial court abused its discretion.

## 2. *Expert Witness Fees*

The trial court assessed expert witness fees for two experts who testified on behalf of plaintiff, but who were not subpoenaed. Defendants claim this was error in view of the plain language of NMSA 1978, Section 52–1–35(B) (Cum.Supp.1983),[1] which provides:

> B. No cost shall be charged, taxed or collected by the clerk except fees for witnesses who testify under subpoena. These witnesses shall be allowed the same fee for attendance and mileage as is fixed by law in other civil actions. Notwithstanding the provisions concerning expert witness fees as provided in Section 38–6–4 NMSA 1978, the court may order the payment of reasonable fees for any expert witnesses whose examination of the claimant, report or trial attendance is determined by the court to be reasonably necessary in the trial of the case.

Interpreting Section 52–1–35(B) as originally enacted, this court in *Sedillo v. Levi-Strauss Corp.*, 98 N.M. 52, 644 P.2d 1041 (Ct.App.1982), held that fees of expert witnesses called on behalf of the worker were not assessable against the employer where testifying experts had not been subpoenaed. In so holding, we relied on the first

sentence of Section 52–1–35(B), which was not changed by the 1983 amendment. *See also Lujan v. Circle K Corp.*, 94 N.M. 719, 616 P.2d 432 (Ct.App.1980) (employer not liable for witness fees where witnesses did not testify under subpoena).

The 1983 amendment retained the first sentence and the first clause of the second sentence. It deleted the proviso clause of the end of the second sentence and added a new sentence. The new sentence substitutes the phrase "any expert witnesses whose examination of the claimant, report or trial attendance is determined by the court to be reasonably necessary in the trial of the case" for the phrase "any medical witness whose examination of the claimant, report, or trial attendance is ordered by the court * * *." The trial court in this case believed the substitution eliminated the requirement of a subpoena.

Relying on *Bower v. Western Fleet Maintenance*, 104 N.M. 731, 726 P.2d 885 (Ct.App.1986), where we said the 1983 amendment appears to liberalize the standard by which a court may award certain costs and authorized a discretionary standard, the trial court awarded the expert witness fees, notwithstanding the lack of subpoena. We believe the trial court read *Bower* too broadly.

To affirm the allowance of expert fees here would require that we ignore the first sentence of Section 52–1–35(B), which clearly requires subpoena before fees for witnesses may be charged, taxed or collected. *Sedillo* and *Lujan* are still good law on this question. It is interesting to note that the same requirement in Section 52–1–35(B) for subpoena, as originally enacted and retained by the 1983 amendment, is found in the current act. *See* NMSA 1978, § 52–5–7(F) (Repl.Pamp.1987).

When the new language in the 1983 amendment is read in harmony with the beginning sentence, we believe the requirement for a subpoena as a condition for assessment of expert fees remains intact. If subpoenaed and the trial court deter-

---

1. Section 52–1–35 was repealed by 1986 N.M. Laws, ch. 22, § 102, but applies in this case which was filed prior to the repeal.

mines trial attendance was reasonably necessary in the trial of the case, the trial court may assess a reasonable fee. *See Archuleta v. Safeway Stores, Inc.,* 104 N.M. 769, 727 P.2d 77 (Ct.App.1986) (finding of reasonable necessity required before expert fees may be awarded). The trial court found the costs reasonably necessary so that requirement was met. The witnesses did not, however, testify under subpoena. Therefore, the cost for the expert witnesses cannot be charged against defendants.

In interpreting a statute, our central concern is to determine and give effect to the intention of the legislature. *State ex rel. Klineline v. Blackhurst,* 106 N.M. 732, 749 P.2d 1111 (1988). Section 52–1–35(A) provides that the district court shall advance worker's compensation cases on the calendar, dispose of them as promptly as possible, and conduct the trial "in a summary manner as far as possible." "Summary" is defined as "[s]hort; concise; immediate; peremptory; off-hand; without a jury; provisional; statutory. The term as used in connection with legal proceedings means a short, concise, and immediate proceeding." *Black's Law Dictionary* 1287 (5th ed. 1979). We believe the trial court's exercise of control over witnesses in the manner provided by Section 52–1–35(B) furthers that legislative goal.

The case is remanded with directions to the trial court to delete all items of costs, other than the $7.00 medical record charge, which defendants did not oppose; otherwise the judgment is affirmed.

IT IS SO ORDERED.

MINZNER, J., concurs.

FRUMAN, J., concurring in part and dissenting in part.