(76 South. 475)

COSTER v. STATE. (3 Div. 275.)

(Court of Appeals of Alabama. June 30, 1917.)

1. CRIMINAL LAW ☞1031(4) — APPEAL — OBJECTION NOT RAISED BELOW—PLEA OF FORMER JEOPARDY.

Where a criminal case is tried on a plea of former jeopardy defective in substance, without objection to manner in which issue is raised, question of its sufficiency cannot be raised in Court of Appeals.

2. DISTRICT AND PROSECUTING ATTORNEYS ☞8—ADMISSIONS—CONCLUSIVENESS ON STATE.

The principle that an attorney's solemn admissions, made in progress of trial of a case, are binding on his client, applies, as between state and its solicitor, to confession by latter of defendant's plea of double jeopardy.

3. CRIMINAL LAW ☞93 — JURISDICTION — COUNTY COURTS.

Under Code 1907, § 6700, giving county court original jurisdiction of misdemeanors, it has final jurisdiction of prosecution for theft of bowl worth $5, where complaint charges theft of bowl and other household articles, of value aggregating $36.50, and bowl was stolen at different time from other articles.

Appeal from Circuit Court, Autauga County; Leon McCord, Judge.

Pauline Coster was convicted of larceny, and appeals. Reversed and remanded.

Alexander & Tucker and Guy Rice, all of Prattville, for appellant. W. L. Martin, Atty. Gen., for the State.

BRICKEN, J. The defendant was first arrested on a warrant supported by an affidavit which was sworn out before R. L. Faucett, judge of the county court of Autauga county. The complaint charged the defendant with the larceny of various and sundry household articles, among which was one hand-painted bowl of the value of $5. The aggregate value of the articles alleged to have been stolen, as shown by the complaint in the county court, was $36.50.

The record proper does not show what disposition was made of this case in the county court. It does, however, show that at a subsequent date this defendant was indicted by a grand jury in the circuit court of said county, for the larceny of the same articles shown in the complaint in the county court. Upon the trial of the case in the circuit court, the defendant interposed a plea of former jeopardy. The plea is defective in substance, but its sufficiency was not tested by demurrer, and the case was tried on the theory that a proper plea of former jeopardy had been interposed.

[1] Where parties try a cause of action upon certain issues, without objection to the manner in which they were raised, the Court of Appeals, on appeal, will treat it as if the issues had been properly raised. Dunning v. Town of Thomasville, ante, p. 70, 75 South. 276; R. & D. R. R. Co. v. Farmer, 97 Ala. 141, 12 South. 86; 4 Mayfield Dig. p. 471, § 638.

[2] All the way through the trial of this cause, the solicitor for the state treated the plea of former jeopardy as having been properly pleaded, and when the witness E. M. Thomas testified that the articles alleged in the indictment to have been stolen were taken one at a time, covering a period of about two years, and that he could not testify that any two of the articles were taken at one and the same time, and the defendant then renewed her insistence upon a judgment on her plea of former jeopardy, the state, by its solicitor, confessed the plea as to all the articles, except the hand-painted bowl. It is a well-known principle of law that an attorney's solemn admissions, made in the progress of the trial of a case, are binding upon his client. Starke v. Kenan, 11 Ala. 818; Beverly v. Stephens, 17 Ala. 701; Rosenbaum v. State, 33 Ala. 354; Saltmarsh v. Bower, 34 Ala. 613. While the relation of attorney and client does not exist between the solicitor and the state, his solemn admissions in the progress of the trial of a case are nevertheless binding upon the state.

[3] If the plea of former jeopardy as confessed by the solicitor was good as to all the other articles, it was certainly good as to the hand-painted bowl. The case proceeded to final judgment, resulting in the conviction of the defendant for the larceny of said hand-painted bowl. The complaint in the county court alleged the theft of the hand-painted bowl, and its value being less than

$25, and that article being taken at a time different from the other articles, made it a case within the final jurisdiction of the county court. Code 1907, § 6700. That being true, it results that the plea of former jeopardy, which was treated by both sides as being sufficient, should have prevailed as to the hand-painted bowl, as well as to the other articles.

The judgment of conviction in the lower court is therefore reversed, and the cause remanded.

Reversed and remanded.