**HIGH PLAINS DISTRIBUTOR, Appellant,**

v.

**TEXAS LIQUOR CONTROL BOARD,**
Appellee.

No. 6812.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 24, 1958.

Rehearing Denied Dec. 22, 1958.

Simpson, Clayton & Fullingim, Amarillo, for appellant.

Will Wilson, Atty. Gen., Marvin R. Thomas, Jr., Asst., Wayne Bagley, Dist. Atty., Amarillo, for appellee.

CHAPMAN, Justice.

This is an appeal from two orders of the Administrator of the Texas Liquor Control Board issued respectively on February 20, 1958, and February 24, 1958, canceling appellant's High Plains Distributor's General Distributor's License and its Importer's License based thereon. The Articles applicable are Vernon's Penal Code, Articles 666 and 667. The cancellations were made basically on the grounds that appellant imported approximately 17,946 containers of alcoholic beverage, to-wit: beer, by truck without an Importer's Carrier's License as required under Art. 667–23¼(e), Vernon's Penal Code. The trial court sustained the orders of cancellation issued by the Administrator and High Plains Distributor has appealed to this court from the action of the court below.

In a case of this nature we must consider the merits of the action of the trial court on the basis of the "Substantial

Evidence Rule." State v. Peeler, Tex.Civ. App., 200 S.W.2d 874.

■ Under the record of this case it is our duty to sustain the findings below if they are *reasonably* supported by substantial evidence, meaning evidence introduced in court, and the word *reasonably* gives to the judicial review a broader scope than if only *some* substantial evidence were regarded sufficient to sustain the Administrator's orders. Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338. Also, under the authority just quoted a mere scintilla of evidence will not suffice to uphold the Administrator's actions, but the record is to be considered as a whole to the end that justice may be rendered in the case. (Emphasis added.)

On September 22, 1958, this Court announced an opinion in a case styled, Approximately 17,946 Containers of Alcoholic Beverages v. State, Tex.Civ.App., 316 S.W. 2d 433, 436, in which we said "Appellant (meaning Sherrill W. Raley) owned the beer at all times and imported the same but had the same billed to another party that owned an Importer's License." That opinion was based on practically the same state of facts as we have here and was heard by the same court.

It is without contradiction in the record that the same beer which we held *Raley owned at all times and imported into this State* is the exact same beer on which the Court below sustained the Administrator's order canceling the licenses of appellant herein because he (appellant) allegedly imported same by truck without an Importer's Carrier's License. We would certainly be inconsistent and would invite justifiable criticism for this opinion if we were to now hold that High Plains Distributor imported the subject beer, after saying in Cause No. 6799 that *Raley owned the beer at all times and imported same into this state.* (Emphasis added.)

Obviously, if Raley imported the beer, as our previous opinion stated, then appellants herein did not do so, they being two separate and distinct alcoholic beverage businesses and there not being even a suggestion or inference that they were partners in the subject beer. Additionally, in Cause No. 6799 the parties stipulated and agreed that

"Mr. Raley dispatched the truck to the Griesedieck Bros. Brewing Company in St. Louis, Missouri, to pick up 1,077 cases of alcoholic beverage, to-wit: beer * * * .

"A Truck so dispatched was leased under written contract by appellant (meaning Sherrill W. Raley) from Charles Gibbs, and the driver of said truck, J. W. Newton, was on this occasion in the employment of Sherrill W. Raley d/b/a Raley Distributing Company.

"Appellant (meaning Sherrill W. Raley) paid Griesedieck Bros. Brewing Company for said beer by cashier's check prior to the delivery of the beer to the driver of the truck."

It is true that Newton, the driver of the truck, that hauled the beer in question testified that he took a check from High Plains Distributor to pay for the beer, and that Griesedieck Brewery accepted it, but in view of the stipulations above quoted it seems certain that the beer was not paid for with such check. The fact that Raley paid for the beer is further corroborated by the following testimony given by Newton:

"Q. Did the brewery give you the beer at that time?

"A. No, because the check was signed by High Plains Distributor."

■ The very first statement of the opinion of this court in Cause No. 6799 says: "The State of Texas by and through the Texas Liquor Control Board and its administrator as plaintiffs, represented by the Attorney General of Texas and by the District Attorney of Potter County, Texas, brought this action." In the case before

us we have the same counsel and the same board and its administrator. They having made the above stipulations in Cause No. 6799, even though in another case, we believe they should be bound by such admissions.

In quoting with approval from another case our Supreme Court has said: "The testimony of a party to a suit and *admissions made by him* must be construed as binding upon him." Texas & P. Ry. Co. v. Wood, 145 Tex. 534, 199 S.W.2d 652, 654. (Emphasis added.)

We therefore believe that appellee is bound through admissions by the facts that the truck which hauled the subject beer was leased by Raley under written contract from Gibbs, that Raley dispatched the truck to St. Louis for the beer, and that Raley paid for it by cashier's check. It is without contradiction in the record that Fred Hansard was the sole owner of High Plains Distributor, the only person working for said company at the time the beer was imported, and that he and the driver of the truck, Newton, were not even acquainted. Whatever effort was made by Raley, if any, to utilize High Plains Distributor's Importer's License in bringing the beer to Texas and even though appellant may have furnished some encouragement to such effort the fact remains that Raley and not High Plains Distributor actually imported the beer and we hold there was insufficient evidence, even under the "Substantial Evidence Rule" for the trial court to hold otherwise.

We are not unmindful of the rule announced by our Supreme Court in the Hawkins case, supra [146 Tex. 511, 209 S. W. 340], to the effect that when an appeal is taken from an administrator's order (in that case it was from a Commission's order) where the "substantial evidence rule" is involved, it "does not mean a trial as of the ordinary civil suit in which the court makes its own findings based upon a preponderance of the evidence before it." But the Court in that same case also said: "Nevertheless, it means that there shall be a trial and in that trial, insofar as the facts are concerned, the court determines from all of the evidence before it, the entire record, whether the Commission's action (administrator's action in our case) is or is not reasonably supported by substantial evidence." From the record of this case we have no hesitancy in holding that the evidence was insufficient for the trial court to hold that the administrator's action in canceling the licenses complained about was reasonably supported by substantial evidence. Additionally, we have already said, in Cause No. 6799, that Raley and not High Plains Distributor imported the beer. Under the holding of that case we have held the 17,946 containers of alcoholic beverages were properly forfeited to the State of Texas and Raley has suffered the consequences thereof, which are not inconsiderable. The evidence being insufficient to support the trial court's judgment and there being no indication that it would be substantially different upon another trial this case is reversed and rendered.