518 P.2d 961

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John Will PLANT, Defendant-Appellant.**

**No. 1183.**

Court of Appeals of New Mexico.

Sept. 26, 1973.

**3**

Plant claims the statement should not have been admitted because of a prior representation to the court concerning the use of the statement.

Mary Franson was murdered during the burglary of her residence. Plant gave a written statement concerning these crimes after being promised that he would not be charged with murder if he did not "actually kill" Mary Franson. This promise was not kept. Plant sought to compel dismissal of the murder charge in a mandamus proceeding in the district court. On appeal, the New Mexico Supreme Court directed dismissal of the murder charge, stating: ". . . the indictment . . . for the murder of Mary Franson is inconsistent with the binding promise made . . . by the Assistant District Attorney." State ex rel. Plant v. Sceresse, 84 N.M. 312, 502 P.2d 1002 (1972).

After the *Sceresse*, supra, decision, defendant was charged with aggravated burglary. Section 40A–16–4(C), N.M.S.A. 1953 (2d Repl.Vol. 6). This appeal is from Plant's conviction of that charge. At trial, the State introduced Plant's written statement as part of its case in chief. Our concern is with the use of the statement in the aggravated burglary trial.

We are not concerned with any unkept promise *to Plant* as a result of which Plant gave his statement. Our concern is with representations made *to the court* concerning the use of Plant's statement.

■ The Supreme Court record in *Sceresse*, supra, of which we take judicial notice, State v. Vigil, 85 N.M. 328, 512 P.2d 88 (Ct.App.1973), contains a requested finding by the assistant district attorney. This finding was made by the trial court as requested. It reads:

> "That the Office of the District Attorney for the Second Judicial District . . . has represented to the Court that it will not use the statements given by the petitioners [including Plant] against them in any trial or other judicial proceeding."

Stephen G. Durkovich, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The dispositive issue is whether the written statement of Plant was properly admitted into evidence over his objection.

■ The first trial of Plant for aggravated burglary resulted in a mistrial because of improper activities of and statements made by courtroom spectators. At the beginning of this first trial, in a conference between the court and counsel, use of Plant's statement was discussed. In that conference, the assistant district attorney represented to the court that Plant's statement would not be used in the State's case in chief, but would only be used for impeachment of defendant. Although made at the beginning of the first aggravated burglary trial, the representation applied to the retrial on that charge. High Plains Distributor v. Texas Liquor Control Bd., 318 S.W.2d 681 (Tex.Civ.App.1958); compare Southern Union Gas Co. v. Cantrell, 57 N.M. 612, 261 P.2d 645 (1953).

■ What is the effect of these two representations to two different trial courts concerning the use of Plant's statement? These representations have the effect of admissions binding on the State. Coster v. State, 16 Ala.App. 191, 76 So. 475 (1917); Sinclair v. State, 161 Miss. 142, 132 So. 581, 74 A.L.R. 241 (1931); People v. Cory, 124 Misc. 532, 208 N.Y.S. 768 (1925); State v. Cochran, 230 N.C. 523, 53 S.E.2d 663 (1949).

Because of these representations by the State, Plant's statement was erroneously admitted.

Judgment and sentence is reversed. The cause is remanded for a new trial.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.