581 P.2d 1287

**Edgar W. MILLICAN, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

No. 11904.

Supreme Court of New Mexico.

July 26, 1978.

Whitney Johnson, Santa Fe, for petitioner.

Toney Anaya, Atty. Gen., Lawrence A. Gamble, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

PAYNE, Justice.

Defendant was convicted by a jury of intentionally obtaining a controlled substance by forgery in that he used a forged prescription purportedly signed by a Dr. Sims. He claims that the trial court erred in admitting a tape recording of a stipulation made by defense counsel at the preliminary hearing. Defendant appealed to the Court of Appeals which affirmed the trial court. He then petitioned for a writ of certiorari, we granted certiorari and reverse the decision and remand the case for a new trial.

At the preliminary hearing, in Lovington, the State subpoenaed Dr. Sims, but due to an emergency in Eunice the doctor was unable to attend. The prosecutor and defense counsel agreed to recess the hearing and go to Eunice to take Dr. Sims' deposition. The deposition was recorded on a tape recorder but the tape recorder malfunctioned and the recording was inaudible. The parties, not wishing to further delay the hearing, entered into a stipulation summarizing Dr. Sims' testimony at the deposition. Defendant was bound over for trial. At the trial the State once again subpoenaed Dr. Sims but was again unable to secure his attendance because he had moved from the state. The State offered into evidence the tape recording of the stipulation from the preliminary hearing. Defendant objected on the grounds that it denied him the right to confront and cross-examine Dr. Sims. The court ruled that since Dr. Sims was unavailable to testify, the recording of the stipulation would be received into evidence. On review the Court of Appeals upheld the conviction and held that the stipulation would have been admissible even if the doctor had been available. We do not agree.

It is important to understand the purpose and the extent of the stipulation. Defense counsel did not stipulate to the truthfulness of Dr. Sims' deposition testimony, he merely acknowledged what Dr. Sims testified at the deposition.

If Dr. Sims had testified at the preliminary hearing and had been unavailable for the trial, the transcript of his testimony

would have been admissible. N.M.R. Evid. 804(b)(1) [§ 20 4 -804(b)(1), N.M.S.A.1953 (Supp.1975)].

If the stipulation had been that Dr. Sims did not sign the prescription, then defendant would have been bound by the stipulation. *See State v. Plant,* 86 N.M. 2, 518 P.2d 961 (Ct.App.1973); Annot., 100 A.L.R. 775 (1936). If defendant had stipulated to the truthfulness of the doctor's statements the trial judge could have instructed the jury on the point and no further evidence would have been necessary. Such is not the case. All defendant stipulated was that Dr. Sims said he did not sign the prescription and rarely prescribed the drug in question. The stipulation had no other effect.

The accused's right to confront the witnesses against him is basic to both the United States and the New Mexico Constitutions. U.S.Const. Amend. VI; N.M.Const. art. II, § 14. The purpose of the guarantee is explained in *State v. James,* 76 N.M. 376, 380, 415 P.2d 350, 352 (1966):

The purposes of confrontation are to secure to the accused the right of cross-examination; the right of the accused, the court and the jury to observe the deportment and conduct of the witness while testifying; and the moral effect produced upon the witness by requiring him to testify at the trial.

Under the facts presented in this case we hold that defendant was deprived of his constitutional right to confront Dr. Sims. We therefore reverse the case and remand it for a new trial.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA and FEDERICI, JJ., concur.

EASLEY, J., not participating.