673 P.2d 1293

**Michael F. McCORMICK, District Attorney, Petitioner-Appellee,**

v.

**Hon. Patrick J. FRANCOEUR, Magistrate Judge, Division II, Respondent-Appellant.**

No. 14815.

Supreme Court of New Mexico.

Oct. 6, 1983.

Templeman & Crutchfield, C. Barry Crutchfield, Lovington, for respondent-appellant.

Paul G. Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

## OPINION

RIORDAN, Justice.

District Attorney Michael F. McCormick (McCormick) petitioned the district court of Lea County, New Mexico, for a writ of prohibition or for a writ of superintending control to direct Magistrate Judge Patrick J. Francoeur (Magistrate Francoeur), now District Judge Francoeur, to proceed with a probable cause hearing against Defendant Jimmy Backus (Defendant), and to prevent Magistrate Francoeur from ordering the State of New Mexico (State) to reveal the identity of its confidential informant. The district court issued the writ of prohibition against Magistrate Francoeur prohibiting him from ordering disclosure of a confidential informant. Magistrate Francoeur appeals. We affirm.

The sole issue on appeal is whether a magistrate judge at a preliminary hearing has the authority to require the State to reveal the identity of a confidential informant pursuant to NMSA 1978, Evid.Rule 510 (Repl.Pamp.1983).

Defendant was charged with conspiracy to distribute, and distribution of, a controlled substance. At Defendant's preliminary hearing in magistrate court, New Mexico State Police Officer John Sena testified that a confidential informant was present at the alleged sale and saw the sale take place. Defendant moved to disclose the identity of the confidential informant to Magistrate Francoeur for an *in camera* review pursuant to Rule 510. Magistrate Francoeur ordered that the State provide him with affidavits of the confidential informant for his *in camera* inspection to determine whether the State should be required to disclose the identity of the confidential informant to Defendant.

Thereafter, McCormick petitioned the district court for a writ of prohibition or, in the alternative, for a writ of superintending control directing Magistrate Francoeur "to proceed with the probable cause hearing, and further, that no [o]rder shall be made by the [Magistrate Francoeur] compelling the State to reveal the identity of its [confidential] informant." The district court issued the writ of prohibition restraining Magistrate Francoeur from taking any action to require the State to reveal the identity of its confidential informant, and ordering him to proceed with the preliminary hearing to determine whether there was probable cause that Defendant committed the crimes. In issuing the writ of prohibition, the district court found that NMSA 1978, Magis.Crim.Rule 21 (Repl.Pamp.1981), "limits discovery of a defendant to actions within Magistrate trial jurisdiction and is a further limitation upon inspection and copying of records, papers, documents or other tangible evidence in the possession of the prosecution, and provides that *no other discovery proceeding shall be permitted.*" (Emphasis supplied in Order.)

Rule 21 provides:

At any time during the pendency of the action, upon request of the defendant, the magistrate in actions *within magistrate trial jurisdiction* may order the prosecution to produce for inspection and copying any records, papers, documents or other tangible evidence in its possession and

which are material to the preparation of the defense or are intended for use by the state at the trial or were obtained from or belong to the defendant. No other discovery proceedings shall be permitted. [As amended and renumbered, effective October 1, 1976.] (Emphasis added.)

On appeal, Magistrate Francoeur agrees that Rule 21 is inapplicable to preliminary hearings inasmuch as the limitations contained in Rule 21 are applicable *only* to matters within magistrate trial jurisdiction, and the charge against Defendant before Magistrate Francoeur was a felony. However, Magistrate Francoeur claims that the district court erred in determining that the only authority that a magistrate judge has to order discovery is contained in Rule 21. He argues that a writ of prohibition is inappropriate because Rule 510 not only provides for *in camera* review by a magistrate court, but requires it. Magistrate Francoeur further argues that to prohibit *in camera* review by a neutral and detached magistrate judge to testimony of a confidential informant in a preliminary hearing infringes upon a defendant's right to obtain a fair and impartial preliminary examination of charges against him. We disagree.

 A magistrate court does *not* have jurisdiction to try felony charges on the merits. *See e.g. State v. Peavler,* 88 N.M. 125, 537 P.2d 1387 (1975). A magistrate court, however, does have jurisdiction to hold preliminary hearings in any criminal action as authorized by law. NMSA 1978, § 35–3–4. At a preliminary hearing, due process requires that an accused be allowed to call witnesses in his defense. *State v. Massengill,* 99 N.M. 283, 657 P.2d 139 (Ct. App.1983). Nevertheless, discovery is *not* the object of a preliminary hearing. *State v. Burk,* 82 N.M. 466, 483 P.2d 940 (Ct. App.), *cert. denied,* 404 U.S. 955, 92 S.Ct. 309, 30 L.Ed.2d 271 (1971).

Rule 510 provides in pertinent part:

(2) **Testimony on merits.** If it appears from the evidence in the case or from other showing by a party that an informer will be able to give testimony that is relevant and helpful to the defense of an accused, or is necessary to a fair determination of the issue of guilt or innocence in a criminal case or of a material issue on the merits in a civil case to which the state or a subdivision thereof is a party, and the state or subdivision thereof invokes the privilege, the judge shall give the state or subdivision thereof an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony. The showing will ordinarily be in the form of affidavits, but the judge may direct that testimony be taken if he finds that the matter cannot be resolved satisfactorily upon affidavit. If the judge finds that there is a reasonable probability that the informer can give the testimony, and the state or subdivision thereof elects not to disclose his identity, the judge on motion of the defendant in a criminal case shall dismiss the charges to which the testimony would relate, and the judge may do so on his own motion. In civil cases, he may make any order that justice requires. Evidence submitted to the judge shall be sealed and preserved to be made available to the appellate court in the event of an appeal, and the contents shall not otherwise be revealed without an order of the court. All counsel shall be permitted to be present at any stage at which counsel for any party is permitted to be present. [Emphasis added.]

 This language clearly indicates that Rule 510 applies only when the issue arises at a trial on the merits. At that time, under Rule 510, a trial judge can require the disclosure of an informant. Defendant's case, however, was not at a trial on the merits. Rather, Defendant's case was at the preliminary hearing stage in a magistrate court. Therefore, we determine that the district court properly prohibited Magistrate Francoeur from ordering the disclosure of the confidential informant be-

cause Rule 510 proceedings are not applicable to a defendant's preliminary hearing in a magistrate court. *See United States v. Hart,* 526 F.2d 344 (5th Cir.), *cert. denied,* 426 U.S. 937, 96 S.Ct. 2653, 49 L.Ed.2d 389 (1976). An accused suffers neither irreparable harm nor denial of a right to a fair and impartial preliminary examination of charges against him, by the preclusion of a Rule 510 contention in a preliminary hearing. He can present his Rule 510 contention in the court that has trial jurisdiction.

Therefore, the district court order is affirmed. This case is remanded to the magistrate court for proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

FEDERICI and STOWERS, JJ., concur.