895 P.2d 672

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Ruben TRUJILLO, Defendant–Appellant.**

**No. 15411.**

Court of Appeals of New Mexico.

Jan. 30, 1995.

Certiorari Granted April 27, 1995.

Tom Udall, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

APODACA, Chief Judge.

Defendant appeals his convictions and sentences on four counts of criminal sexual penetration of a minor (CSPM) and five counts of criminal sexual contact of a minor (CSCM). He contends that the trial court erred: (1) in allowing the videotaped deposition testimony of the victims to be used at his second trial and (2) in admitting certain testimony at trial. We disagree and therefore affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 1992, a criminal information was filed against Defendant, charging him with three counts of CSPM against unnamed victims. In September 1992, the State filed an amended information, charging Defendant with eight counts of CSPM and eight counts of CSCM against three minor victims: I.T., M.A., and J.S. (collectively, the victims). The amended information specified particular dates and particular acts for each of the victims involved. Trial was set for December 9, 1992.

On November 24, 1992, Defendant moved for a continuance, and on December 4, 1992, a hearing was held. The State objected to the continuance due to the prejudicial effect of further delay on the testimony of the victims. The State indicated that it would agree to a continuance only if it was allowed to take videotape depositions of the victims and such taped testimony was used in lieu of live testimony at trial. Defendant agreed that the videotaped depositions could be taken, but would not agree to their admission at trial unless the State could show that the victims had forgotten some or all of their testimony and were unavailable as witnesses.

The trial court denied the motion for continuance because defense counsel failed to make timely preparation for trial and because it was speculative whether Defendant could obtain the evidence he hoped to obtain during a continuance. In light of the court's ruling, Defendant then agreed to the State's request to videotape the depositions of the victims and to the use of the taped statements in lieu of live testimony at trial. The trial court continued the trial. The order granting the continuance contained Defendant's signature acknowledging that he both read and understood the order.

The videotaped depositions of the victims were taken on December 31, 1992. Before the taking of the depositions, a second amended criminal information was filed, charging Defendant with six counts of CSPM and eight counts of CSCM.

After the depositions were taken, the information was again amended. This third amendment conformed the criminal information to the testimony of the victims elicited during the videotaped depositions. The third amended information charged six counts of CSPM and five counts of CSCM.

On April 29, 1993, the case went to trial. Defendant was acquitted of two counts of

CSPM with regard to I.T., and a mistrial was declared on the remaining counts.

The State decided to retry Defendant and the information was amended a fourth time in order to exclude the charges for which Defendant had been acquitted at the first trial. At the second trial, the videotaped depositions of the victims were admitted over Defendant's objection. Defendant was convicted of all the charges. Defendant appeals.

## II. DISCUSSION

### A. Admissibility of the Videotaped Depositions

#### 1. Compliance with Section 30–9–17 and Rule 5–504

■ Defendant argues that the State failed to make the required showing for the admissibility of the videotaped depositions at trial, a showing that the victims would suffer unreasonable and unnecessary harm if forced to testify at trial. *See* NMSA 1978, § 30–9–17 (Repl.Pamp.1984); SCRA 1986, 5–504 (Repl.1992). Under Section 30–9–17 and Rule 5–504, the trial court has the discretion to order videotaped depositions of the victims in lieu of live trial testimony, upon a showing that "the child is unable to testify before the court without suffering unreasonable and unnecessary mental or emotional harm." SCRA, 5–504. If such videotaped depositions are ordered, they must be taken in the defendant's presence. *Id.*

■ The record indicates that Defendant agreed to allow the admission of the videotaped depositions at trial. Because Defendant agreed to a continuance contingent upon the videotaped depositions, he may not now complain on appeal that the State failed to make the requisite showing for the admissibility of the videotaped depositions. *See State v. Attaway,* 114 N.M. 83, 87, 835 P.2d 81, 85 (Ct.App.1992) (acquiescence in the admission of evidence constitutes waiver on appeal of any claim that admission was error), *aff'd,* 117 N.M. 141, 870 P.2d 103 (1994); *cf. Cox v. Cox,* 108 N.M. 598, 603, 775 P.2d 1315, 1320 (Ct.App.) (a party cannot complain on appeal because the trial court made findings he requested), *cert. denied,* 108 N.M. 624, 776 P.2d 846 (1989).

#### 2. Right to Cross–Examine the Victims

■ Defendant next argues that, because the criminal information was amended after the videotaped depositions were taken, he was not given an adequate opportunity to cross-examine the victims on the new charges appearing in the amended information. We find this argument unpersuasive for two reasons.

■ First, the amendment of the criminal information came about as a result of testimony elicited during the videotaped depositions. Amendments to a criminal information may be made to conform the information to the evidence. *See* SCRA 1986, 5–204(C) (Repl.1992). Based on evidence presented in the depositions, certain charges in the information were deleted and others were amended. No new charges appeared in the amended information about which Defendant was unaware and would have needed to cross-examine the victims. Thus, Defendant's claim of prejudice, that he was unable to cross-examine the victims on the charges in the third amended information, is without merit.

■ Second, the record indicates that Defendant was afforded the opportunity to cross-examine the victims in front of the jury if new matters developed between the time of the depositions and trial. Defendant never took advantage of that opportunity. Therefore, Defendant cannot complain on appeal that he was not given the opportunity to cross-examine the victims.

#### 3. Waiver of the Right to Confront Witnesses

■ Defendant contends that he did not enter into a knowing, intelligent, and voluntary waiver of his right to confront witnesses at the second trial. First, Defendant argues that he was coerced into giving up his right to confront the victims in exchange for a continuance of the first trial. The record does not support this contention. The trial court specifically stated that it would not require Defendant to agree to the use of deposition testimony in lieu of live trial testimony if Defendant did not wish to do so.

The trial court denied Defendant's motion for a continuance, not because Defendant did not agree to the use of videotaped depositions at trial, but rather because defense counsel had not prepared Defendant's case in a timely manner, and it was speculative whether a continuance would enable the defense to acquire the testimony it was seeking. It was not an abuse of discretion to deny the motion for a continuance. *See State v. Hernandez,* 115 N.M. 6, 13–14, 846 P.2d 312, 319–20 (1993).

■ Defendant also argues that he was required to exchange his right to effective assistance of counsel for his right to confront witnesses because the continuance was contingent upon Defendant's agreement to videotaped depositions. The record does not support this proposition. The trial court did not present Defendant with any ultimatum; rather, the record discloses that the trial court's order granting the continuance simply acknowledged an agreement entered into between Defendant and the State. Defendant was not denied effective assistance of counsel because of the denial of the continuance. *See State v. Brazeal,* 109 N.M. 752, 790 P.2d 1033 (Ct.App.), *cert. denied,* 109 N.M. 631, 788 P.2d 931 (1990). Based on these facts, we conclude that Defendant was neither compelled to waive his constitutional rights nor coerced into the agreement in exchange for a continuance.

■ Nevertheless, Defendant argues that having agreed to the depositions in exchange for a continuance in the first trial did not mean that he agreed to their use in the second trial. The trial court determined otherwise, concluding that the order stating that the depositions would be used in lieu of live testimony "at trial," meant at any trial. We agree. Although there is no New Mexico authority directly on point, we conclude that the use of the depositions in the second trial is supported by this Court's decision in *State v. Plant,* 86 N.M. 2, 518 P.2d 961 (Ct.App. 1973). There, this Court determined that a representation by the district attorney in the first trial that the defendant's statement would only be used for impeachment purposes must also apply in the second trial after a mistrial. *Id.* at 4, 518 P.2d at 963.

The failure to limit the use of that statement in the second trial was reversible error. *Id.* By analogy, we conclude that the agreement to allow deposition testimony in lieu of live testimony "at trial" requires that such depositions be allowed in the second trial after a mistrial. *Accord Bail Bonds By Marvin Nelson, Inc. v. Commissioner,* 820 F.2d 1543, 1547 (9th Cir.1987); *United States v. Boothman,* 654 F.2d 700, 703 (10th Cir.1981).

### 4. Allegations of Uncharged Conduct

Defendant argues that portions of the videotaped deposition testimony contained allegations of uncharged conduct and that these portions were inadmissible at trial. Both M.A. and J.S. testified that Defendant began to abuse them in Louisiana before they moved to Roswell, New Mexico. Also, I.T. and J.S. testified that each had witnessed an uncharged act of abuse by Defendant toward M.A. Defendant did not object to admission of J.S.'s statement regarding abuse toward M.A. He did, however, object to the admission of all other testimony regarding prior incidents of sexual abuse.

■ Defendant contends that this character evidence was inadmissible under SCRA 1986, 11–404(B) (Repl.1994). We disagree. Rule 404(B) provides that evidence of a person's prior acts is generally not admissible to prove a person's character in order to show that he acted in conformity with that character. Such evidence may be admitted, however, for the purpose of proving "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." *Id.* New Mexico has continued to recognize that evidence of prior acts involving the complainant may be admissible to show that Defendant had a "lewd and lascivious" disposition towards the victim. *State v. Williams,* 117 N.M. 551, 558, 874 P.2d 12, 19 (1994); *State v. Landers,* 115 N.M. 514, 518–20, 853 P.2d 1270, 1274–76 (Ct.App.1992), *cert. quashed,* 115 N.M. 535, 854 P.2d 362 (1993).

### B. Cumulative Error

■ Defendant contends that cumulative error was committed by the admission of certain testimony from Cecilia Tavarez and

Phyllis Tulk. We determine there was no error in the admission of this testimony. Where there is no error, there can be no cumulative error. *State v. Larson,* 107 N.M. 85, 86, 752 P.2d 1101, 1102 (Ct.App.), *cert. denied,* 107 N.M. 74, 752 P.2d 789 (1988), *cert. denied,* —— U.S. ——, 114 S.Ct. 131, 126 L.Ed.2d 94 (1993).

### 1. Tavarez' Testimony

Defendant sought to strike Tavarez' testimony regarding a date in the spring of 1992 that was pertinent to one of the charges. On direct examination, Tavarez could not remember the date that she filed a police report regarding another daughter. When shown a police report at trial, however, she acknowledged her signature and the date. Her testimony was not clear regarding whether she remembered the date or whether she wrote the date on the police report. Defendant, however, made no objection to Tavarez' testimony. On cross-examination, Tavarez was asked whether she remembered the date. She responded that she did not remember the date; she just saw it on the report. Another witness then testified. The next day, Defendant moved to strike Tavarez' testimony.

In order to preserve a claim of error in the admission of evidence, a timely objection must be made below. *State v. Lopez,* 105 N.M. 538, 544, 734 P.2d 778, 784 (Ct.App.1986), *cert. denied,* 105 N.M. 521, 734 P.2d 761, *cert. denied,* 479 U.S. 1092, 107 S.Ct. 1305, 94 L.Ed.2d 160 (1987). Here, Defendant's objection was untimely, having been made long after the witness had testified. As a result, the State had no opportunity to cure any defect in the foundation for admissibility of the testimony. Thus, because Defendant failed to make a timely objection, we conclude that the trial court did not err in refusing to strike Tavarez' testimony.

### 2. Tulk's Testimony

Defendant also contends that the trial court erred in allowing Tulk to testify about her examination of I.T. Tulk, a nurse, testified that her examination of I.T. demonstrated no vaginal trauma. Defendant argues that, because the only charges involving I.T. were CSCM, this testimony was not relevant. Even if Defendant is correct, we see no prejudice to Defendant from the admission of this testimony since Defendant was neither charged with, nor convicted of, CSPM regarding I.T. In order for error to be reversible, it must be prejudicial. *State v. Kenny,* 112 N.M. 642, 649, 818 P.2d 420, 427 (Ct.App.), *cert. denied,* 112 N.M. 499, 816 P.2d 1121 (1991).

### III. CONCLUSION

We hold that the videotaped depositions were properly admitted in evidence at the second trial and that there was no cumulative error from the admission of certain other testimony at trial. We therefore affirm Defendant's convictions and sentences.

IT IS SO ORDERED.

HARTZ and BLACK, JJ., concur.