This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                        NO.   31,218

**TONY R. ATWATER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**J. Richard Brown, District Judge**

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

Tony Atwater (Defendant) appeals from the district court's judgment and sentence that was entered following a jury trial, convicting him of aggravated DWI (with a breath alcohol content (BAC) of 0.16 or above) and for failure to yield. Defendant raises six issues on appeal. The focus of this appeal, however, surrounds the admission of Defendant's breath alcohol test (BAT) results without proper certification evidence of the Intoxilyzer, an error that was brought to the district court's attention, not by Defendant during trial, but by the jury during its deliberation. We hold that Defendant's failure to timely preserve the error, or seek a remedy when the jury pointed out the error, precludes relief on appeal. In the absence of fundamental error or argument that the error was plain or caused by ineffective assistance of counsel, and without a showing that other errors occurred in district court, we affirm the judgment and sentence.

**I.    DISCUSSION**

**A.    Admission of the BAT Results**

Defendant argues that the BAT results were improperly admitted into evidence because the State did not introduce evidence that the certification from the New Mexico Department of Health, Scientific Laboratory Division (SLD) of the Intoxilyzer was current at the time the officer used it to test Defendant's BAC. Defendant's arguments do not address the problems presented on appeal. It is undisputed that the

State did not introduce evidence that the Intoxilyzer was certified by the SLD at the time of the test and that the law requires the State to show that the Intoxilyzer was certified at the time of the test in order to meet its foundational requirements for admission. *See State v. Martinez*, 2007-NMSC-025, ¶¶ 9-12, 141 N.M. 713, 160 P.3d 894 (observing that the state must show that the accuracy-ensuring regulations of the SLD for the breathalyzer were complied with in order to admit a breath card into evidence). Rather, we must decide whether the issue was sufficiently preserved for appellate review. Defendant's briefing proceeds as though undoubtedly the issue was preserved by events at trial. We hold that it was not.

In order to preserve a claim that the district court erroneously admitted evidence, Rule 11-103(A) NMRA requires a showing that the admission of the evidence affected a substantial right and that the party timely objected to its admission on the specific grounds relied upon on appeal if it is not apparent from the context. *See also State v. Trujillo*, 119 N.M. 772, 776, 895 P.2d 672, 676 (Ct. App. 1995) ("In order to preserve a claim of error in the admission of evidence, a timely objection must be made below."); *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (stating that, in order to preserve an issue for appeal, the defendant must make an objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon). When determining whether a claim

of error was properly preserved, we recognize the impracticality of requiring trial counsel to articulate a fully-developed, deliberated, and researched argument "in the heat of trial." *State v. Gomez*, 1997-NMSC-006, ¶ 31, 122 N.M. 777, 932 P.2d 1. Our preservation rules require, however, that "parties . . . assert the legal principle upon which their claims are based and . . . develop the facts in the trial court." *Id.* ¶ 29.

At various times throughout the trial, the State, and even the defense, proceeded under the mistaken belief that the offense occurred on June 10, 2010, when, in fact, it occurred the year before on June 10, 2009. As a part of this oversight, the State introduced evidence that the Intoxilyzer was certified for the period of October 2009 through September 2010, rather than the applicable period of October 2008 through September 2009. Defendant raised objections to the admission of the BAT results, but did not object to their admission based on this improper certification evidence. The district court denied Defendant's objections, and the BAT results were admitted, showing that Defendant had a BAC of 0.17 and 0.18.

After closing arguments, during which the mistaken date was repeated, instructions were given to the jury for its deliberation. The jury instructions also included the erroneous date. During deliberation, the jury alerted the district court to the discrepancy in dates when it submitted a question to the judge asking for clarification as to whether the incident occurred in June 2009 or 2010. The judge

4

responded with a written answer to the jury, explaining that the instructions were wrong and should have read "June 10, 2009." The jury then submitted a question to the judge, asking if it could obtain proper certification evidence for the Intoxilyzer within thirty minutes. The judge's written response informed the jury that there could be no additional evidence.

Although the record contains an audio recording of the exchange between the judge and the attorneys regarding the jury's question as to the date of the offense, the record contains no audio recording of any discussion that took place regarding the jury's discovery that the certification evidence was improper. Defendant's brief-in-chief makes no suggestion that defense counsel sought a remedy at that time and gives no indication as to what the district court and attorneys discussed in response to the jury's question. It is Defendant's obligation as the appellant to provide this Court with a complete record and to demonstrate error. *See State v. Druktenis*, 2004-NMCA-032, ¶ 44, 135 N.M. 223, 86 P.3d 1050; *Varela*, 1999-NMSC-045, ¶ 25. Because the record is incomplete and Defendant does not contend that he challenged the improper certification when the jury raised the matter in its question to the judge, we proceed under the assumption that he failed to request any remedy at that time. *See Druktenis*, 2004-NMCA-032, ¶ 44 (observing that where the defendant provided the court with a limited and inadequate record, we will engage in presumptions in

favor of the ruling with no argument from the defendant to the contrary). In fact, Defendant does not dispute the State's representation that the only time he complained that the State failed to establish the necessary certification was in a verbal motion to set aside the verdict. In the motion, Defendant sought a judgment notwithstanding the verdict on the basis that the certification was inadequate to establish the validity of the scores that were submitted as evidence and, therefore, there was an insufficient factual basis on which the jury could have reached its verdict of guilt. The district court invited post-trial motions on the matter, but stated that its initial reaction is that New Mexico does not recognize judgments notwithstanding the verdict in criminal cases. Defendant never filed a post-trial motion.

Regardless, Defendant's oral motion did not argue that the improper certification evidence should have precluded admission of the BAT results, and neither the oral or the written motion would have been effective to preserve a challenge to the admission of the evidence in any event. *See State v. Seaton*, 86 N.M. 498, 502, 525 P.2d 858, 862 (1974) (stating that the defendant should have objected to the prosecutor's closing argument when "the remarks were made, and not wait until the trial was concluded and then seek relief by asking that the verdict be set aside or the judgment entered thereon be reversed on appeal"). The Intoxilyzer's certification is not an element of the DWI crime that the State must prove beyond a reasonable

6

doubt. *See Martinez*, 2007-NMSC-025, ¶ 23 (stating that a breathalyzer's certification is not a "core" fact and explaining that the essential elements of "per se" DWI are "(1) operating a motor vehicle, (2) in New Mexico, (3) with a .08 alcohol concentration in the blood or breath" (internal quotation marks and citation omitted)). The State's obligation to show proper certification for the Intoxilyzer is merely a foundational requirement for the BAT results' admission into evidence, which is a matter decided by the district court alone. *See id.* ¶¶ 17, 21, 23. Thus, certification is not a matter for the jury to consider when reaching its verdict. As a result, when Defendant moved to set aside the verdict, and the BAT results already were admitted into evidence, the results constituted a sufficient factual basis for the jury to find that his BAC was 0.16 or above. *See* NMSA 1978, § 66-8-102(D)(1) (2010). To the extent that the district court denied Defendant's motion to set aside the verdict, it was not a ruling on the State's foundational proof. Thus, we are not persuaded that Defendant's motion preserved the matter for appeal, and we see no error in denying the motion.

Without any objection in the record to the admission of the BAT results and in the absence of any legal argument from Defendant supporting the proposition that his issue was preserved by either the jury's question to the judge, or his motion to set aside the verdict, Defendant has not demonstrated that issue was preserved.

We will review an unpreserved claim on appeal only for fundamental or jurisdictional error. *See State v. Johnson*, 2010-NMSC-016, ¶ 40, 148 N.M. 50, 229 P.3d 523 (citing Rule 12-216(B) NMRA in addressing an unpreserved claim of error in the admission of evidence). "The doctrine of fundamental error applies only under exceptional circumstances and only to prevent a miscarriage of justice." *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633. Under this doctrine, we will not leave an error uncorrected that "shock[s] the conscience," a phrase used with regard to "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused." *Id.* ¶ 17.

> Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive.

*State v. Gallegos*, 2009-NMSC-017, ¶ 27, 146 N.M. 88, 206 P.3d 993 (internal quotation marks and citation omitted).

Defendant's brief-in-chief does not specifically argue that the error was fundamental, but he repeatedly asserts that, without the proper certification evidence, the breath card results "might as well have been produced by a Ouija board." Defendant merely asserts in his reply brief that we should review his issue for fundamental error, and he does not engage in any analysis or refer us to any authority.

We are not persuaded that the present case involves the type of fundamental unfairness contemplated by the fundamental error exception. This Court has held that, in the absence of a properly preserved objection, it was not fundamental error for the district court to admit BAT results without the appropriate certification evidence. *See State v. Onsurez*, 2002-NMCA-082, ¶¶ 11-15, 132 N.M. 485, 51 P.3d 528; *cf. Martinez*, 2007-NMSC-025, ¶ 23 (stating that "[t]here is nothing 'core' about a breathalyser's certification" and emphasizing that little evidence is needed to prove certification and that it needs to be proved only by a preponderance of the evidence). In *Onsurez*, we noted our lack of serious concern that the verdict might have been incorrect, given that a certified operator trained by the SLD administered the breath test and that the breathalyzer had been calibrated seven days before the defendant's breath test. 2002-NMCA-082, ¶ 15. Similarly, in the present case, the officer who administered the test testified that he was a certified operator of the Intoxilyzer and that he ran a diagnostics test, and the Intoxilyzer was working correctly. *See Martinez*, 2007-NMSC-025, ¶ 9 (stating that "the [s]tate must make a threshold showing that, at the time of the test, the [breathalyzer] was properly calibrated and that it was functioning properly"). Without any persuasive argument that the error below worked any exceptional unfairness in this case, we are not persuaded to reverse. *See Barber*, 2004-NMSC-019, ¶ 8 (noting that "[o]ut of the facts in each case will arise

the law" in applying the fundamental error doctrine (internal quotation marks and citation omitted)).

We observe that the doctrine of plain error, arising from our rules of evidence, applies specifically to evidentiary matters and permits a court to "take notice of a plain error affecting a substantial right, even if the claim of error was not properly preserved." Rule 11-103(E); *see also State v. Lucero*, 116 N.M. 450, 453-54, 863 P.2d 1071, 1074-75 (1993). The predicate facts required for the plain error doctrine to apply involve far less than a miscarriage of justice in order for us to correct the error. *See id.* at 453, 863 P.2d at 1074. This Court has held that because plain error is more liberally applied than fundamental error and constitutes an "exercise of remedial discretion," it should be briefed by the defendant to justify our discretion to redress the unpreserved error. *See State v. Abril*, 2003-NMCA-111, ¶ 14, 134 N.M. 326, 76 P.3d 644, *overruled on other grounds by State v. Torres*, 2012-NMCA-026, 272 P.3d 689, *cert. granted*, 2012-NMCERT-003, 272 P.3d 689. We believe that this principle fairly applies to the current case. Thus, without argument from Defendant, we do not address whether he could obtain relief under the doctrine of plain error.

Finally, we note that the defense counsel's failure to object to the State's improper certification evidence is more appropriately redressed at this time as ineffective assistance of counsel in a habeas corpus petition. *State v. Roybal*,

2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]"). In a habeas proceeding, facts that were not developed in the record may come to light and show whether defense counsel sought any kind of remedy when the jury discovered the oversight and whether the State indeed had the ability to lay a proper foundation during trial. In the absence of an ineffective assistance of counsel claim, however, we make no comment on its viability.

**B.     Sufficiency of the Evidence**

Defendant challenges the sufficiency of the evidence to support his conviction for aggravated DWI. Defendant's issue alleges that the State failed to demonstrate a nexus between his BAT results and his actual blood alcohol content at the time of driving. Defendant does not set forth the facts related to this issue and does not expound on this theory beyond the simple statement of his issue.

The State was required, under Section 66-8-102(D)(1), to prove beyond a reasonable doubt that Defendant was "driving a vehicle in this state with an alcohol concentration of sixteen one hundredths or more in [his] breath within three hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle[.]" The arresting officer testified that he stopped

11

Defendant, who was driving his vehicle at 6:58 p.m. and that he conducted the first breath test on Defendant at 8:44 p.m. and the second test at 8:46 p.m., both within two hours of Defendant driving. As stated above, the district court admitted the BAT results into evidence, indicating that Defendant had a BAC of 0.17 and 0.18 at 8:44 p.m. and 8:46 p.m., respectively. This is sufficient evidence to support Defendant's conviction for aggravated DWI. *See Martinez*, 2007-NMSC-025, ¶ 8. Without a more specific challenge to the sufficiency of the evidence, or a statement of the substance of the evidence bearing upon his sufficiency challenge, we will not develop Defendant's argument for him or speculate why the evidence was inadequate to support the verdict. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181.

Defendant's argument also briefly revisits the sufficiency of the BAT results to support the verdict. As we discussed above, in order for the State to prove Defendant was guilty of aggravated DWI, it was required to admit BAT results that were at or above the statutory minimum for BAC, which it did. *See* § 66-8-102(D)(1); *Martinez*, 2007-NMSC-025, ¶ 8. Contrary to Defendant's argument, the Intoxilyzer's improper certification is not a consideration for the jury and does not make the BAT results irrelevant to the aggravated DWI charge. *See id.* ¶¶ 8, 17, 21, 23. Again, once Defendant's BAT results were admitted, they were properly considered by the jury

and constitute sufficient evidence to support its verdict. *Id.* Defendant's conviction is affirmed.

**C.      Magistrate Court Dismissal**

Defendant argues that the magistrate court erred by dismissing Defendant's motion to suppress after the State amended the criminal complaint to reflect that he was being charged with a fourth DWI offense, a felony, rather than the third offense DWI charge, which is a misdemeanor he was originally charged with in magistrate court. The magistrate court dismissed the motion and bound the case over to the district court on grounds that it lacked jurisdiction to try the merits of a felony case. Defendant contends that the magistrate court should have suppressed the evidence and that this Court should remand "for retrial with such a finding." Defendant pursues this matter under the demands of *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985).

Defendant did not refile the motion to suppress in the course of his trial in district court. Even assuming that Defendant may complain about the dismissal of his motion to suppress at this time, we see no error. NMSA 1978, Section 35-3-4(A) (1985) governs the extent of magistrate courts' criminal jurisdiction and provides that they have jurisdiction "in all cases of misdemeanors and petty misdemeanors,

including offenses and complaints under ordinances of a county." *See McCormick v. Francoeur*, 100 N.M. 560, 562, 673 P.2d 1293, 1295 (1983) ("A magistrate court does *not* have jurisdiction to try felony charges on the merits."). Defendant does not make any argument or refer us to any case law that would require the magistrate court to address the merits of his motion to suppress the evidence in a case where the magistrate court lacked jurisdiction to try the charges on the merits. We may assume that no such authority exists and need not review the matter further. *See State v. Desnoyers*, 2002-NMSC-031, ¶ 11, 132 N.M. 756, 55 P.3d 968. We also see no error in the magistrate court's dismissal. *Cf. State v. Foster*, 2003-NMCA-099, ¶ 19, 134 N.M. 224, 75 P.3d 824 ("In its review of a pretrial motion to dismiss on double jeopardy grounds in a de novo trial, the district court therefore is not bound by what happened below."); *see State v. Hicks*, 105 N.M. 286, 287, 731 P.2d 982, 983 (Ct. App. 1986) (stating that, in de novo proceedings, the district court is not in any way bound by the proceedings in the lower court). Finally, we observe that because Defendant did not refile the motion to suppress in the district court that tried the case against him, he has abandoned the motion in district court and presents no issue for our review on appeal.

**D.      Notice of the Felony DWI Charge**

Defendant contends that he was not given notice of the felony DWI charge in district court because the criminal information filed in magistrate court alleged only misdemeanor DWI. Defendant also pursues this issue under the demands of *Franklin*, 78 N.M. at 129, 428 P.2d at 984, and *Boyer*, 103 N.M. at 658-60, 712 P.2d at 4-6. Defendant does not state, and the record does not show, how this issue was preserved below. Even alleged violations of due process must be sufficiently preserved, and a ruling invoked below in order to obtain appellate review. *See, e.g.*, *State v. Martinez*, 2007-NMCA-160, ¶ 4, 143 N.M. 196, 173 P.3d 18 ("Due process claims will not be addressed when raised for the first time on appeal."). We also note that there can be no genuine claim that Defendant lacked notice that he was being tried on the felony DWI charge in district court.

**E.    Step-Down Instruction**

Defendant argues that the district court erred by instructing the jury on the uncharged lesser offense of per se DWI with a BAC of 0.08 or above and that the error was not harmless. Defendant again refers us to *Franklin*, 78 N.M. at 129, 428 P.2d at 984, and *Boyer*, 103 N.M. at 658-60, 712 P.2d at 4-6. We are not persuaded that the step-down instruction was error.

"A defendant is considered to be on notice to defend against uncharged lesser-included offenses." *State v. Davis*, 2009-NMCA-067, ¶ 9, 146 N.M. 550, 212

15

P.3d 438.  DWI (0.08 or above) is a lesser-included offense of aggravated DWI (0.16 or above).  *See State v. Collins*, 2005-NMCA-044, ¶¶ 14-16, 137 N.M. 353, 110 P.3d 1090, *overruled on other grounds by State v. Willie*, 2009-NMSC-037, 146 N.M. 481, 212 P.3d 369; *see also State v. Notah-Hunter*, 2005-NMCA-074, ¶ 22, 137 N.M. 597, 113 P.3d 867 ("[T]he offense of aggravated DWI itself is not a different crime [from] DWI, but rather only an enhanced degree of the DWI offense."  (second alteration in original) (internal quotation marks and citation omitted)).  In *Collins*, this Court held that the state was entitled to an instruction on simple per se DWI (0.08 or above) where the state's evidence and theory was that the defendant committed aggravated DWI (0.16 or above).  *See id.* 2005-NMCA-044, ¶¶ 8-16.  Because we see no error in instructing the jury on simple per se DWI (0.08 or above), we need not address the harmless error doctrine.

**F.    Cumulative Error**

Lastly, Defendant contends that cumulative error denied him a fair trial.  "The doctrine of cumulative error applies when multiple errors, which by themselves do not constitute reversible error, are so serious in the aggregate that they cumulatively deprive the defendant of a fair trial."  *State v. Roybal*, 2002-NMSC-027, ¶ 33, 132 N.M. 657, 54 P.3d 61.  "In New Mexico[,] the doctrine of cumulative error is strictly applied.  It cannot be invoked when the record as a whole demonstrates that the

16

defendant received a fair trial." *State v. Trujillo*, 2002-NMSC-005, ¶ 63, 131 N.M. 709, 42 P.3d 814 (internal quotation marks and citations omitted).

In the present case, we have found only one problematic error to which there was no timely or effective objection, and it was not fundamental error. *See State v Lente*, 2005-NMCA-111, ¶¶ 10-12, 138 N.M. 312, 119 P.3d 737 (indicating that where there is unpreserved error in the admission of testimony that is not fundamental error, there is no cumulative error). Thus, with only one problematic, but unpreserved, error that we reject under the fundamental error doctrine, the record contains no error to accumulate for purposes of assessing the impact of aggregated irregularities. *See Trujillo*, 2002-NMSC-005, ¶ 63 (rejecting a cumulative error claim where the Court corrected all the error it could and no error remained). Defendant makes no argument indicating how he was denied a fair trial, or why the cumulative error doctrine should be applied in an extraordinary manner to his case. *See State v. Saiz*, 2008-NMSC-048, ¶ 66, 144 N.M. 663, 191 P.3d 521 ("The summary answer to this summary argument is that where there is no error to accumulate, there can be no cumulative error."), *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, 146 N.M. 357, 210 P.3d 783; *State v. Allen*, 2000-NMSC-002, ¶ 117, 128 N.M. 482, 994 P.2d 728 ("We have noted on several occasions that a fair trial is not necessarily a perfect trial."). Having reviewed the record as a whole and finding no

accumulating errors that justify reversal, or any indication that Defendant was denied a fair trial, we hold that the doctrine of cumulative error does not apply. *See Trujillo*, 2002-NMSC-005, ¶ 63; *State v. Martin*, 101 N.M. 595, 601, 686 P.2d 937, 943 (1984).

**III.  CONCLUSION**

For the reasons stated above, we affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**